Robert ANDREWS, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 20, 1996.

Decided Jan. 24, 1997.

Jeffrey D. Monzo, Assistant Public Defender, Greensburg, for petitioner.

Arthur R. Thomas, Assistant Chief Counsel, Harrisburg, for respondent.

Before McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY, FLAHERTY and LEADBETTER, JJ.

FRIEDMAN, Judge.

Robert Andrews (Andrews) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board), dated August 3, 1995, denying Andrew's request for administrative relief and recommitting Andrews to serve two years backtime as a convicted parole violator.

On December 3, 1992, Andrews was paroled from a two-to-four-year sentence imposed as a result of his conviction of violating the Controlled Substance Drug Device and Cosmetic Act (Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101—780–144. On October 20, 1993, while on parole, Andrews was arrested on new criminal charges; bail was set but not posted. On December 20, 1994, because Andrews had been incarcerated without trial in excess of 180 days, the Allegheny County Court of Common Pleas (trial court) ordered Andrews' "bond reduced to nominal purs[u]ant

to [R]ule 1100."[1] (O.R. at 45.) On February 22, 1995, Andrews pleaded guilty to three counts of violating the Act and, subsequently, was sentenced to not less than one and one-half years, and no more than five years incarceration.

On July 26, 1995, after a parole violation hearing, Andrews was found in violation of his parole and recommitted as a convicted parole violator to serve the unexpired term of his original sentence. Andrews filed an administrative appeal, which was denied.

On appeal to this court,[2] Andrews contends that the Board erred in recommitting him for two years backtime as a convicted parole violator. Andrews asserts that he was granted a nominal bond by the trial court on December 20, 1994, and accordingly, should receive credit for time spent in custody solely on the Board's detainer, from December 20, 1994 until February 22, 1995. We agree.

In *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), the Pennsylvania Supreme Court held that time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term only when the parolee was eligible for, and had satisfied, bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant against him.

Because the trial court reduced Andrews' bond to nominal pursuant to Rule 1100(e), Andrews was entitled to *immediate release* on nominal bail as of December 20, 1994. Our supreme court held in *Commonwealth v. Abdullah*, 539 Pa. 351, 652 A.2d 811 (1995), that the provisions of Rule 1100(e) are *mandatory*. Accordingly, here, driven by the explicit language of Rule 1100(e), once the trial court set nominal bail, the authori-

---

1. Rule 1100(a)(2) of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 1100(a)(2), states that trial in a court case in which a written complaint is filed against a defendant, where the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed. Rule 1100(e) states in pertinent part as follows:

   No defendant shall be held in pre-trial incarceration on a given case for a period exceeding 180 days.... *Any defendant held in excess of*

   *180 days is entitled upon petition to immediate release on nominal bail.*
   Pa.R.Crim.P. 1100(e) (emphasis added).

2. Our scope of review of a recommitment decision is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law has been committed and whether any constitutional rights of the parolee have been violated. *Larkin v. Pennsylvania Board of Probation and Parole*, 124 Pa.Cmwlth. 184, 555 A.2d 954 (1989).

ties were *required* to immediately release Andrews, with or without the execution of a bond. Although it might be preferable to execute a bond for nominal bail when released under Rule 1100(e), we do not believe that it is required.[3]

Accordingly, we reverse the Board's determination and remand this case to the Board to calculate Andrews' credit for the time which he spent in custody solely on the Board's detainer.

### ORDER

AND NOW, this *24th* day of *January*, 1997, the order of the Pennsylvania Board of Probation and Parole, dated August 3, 1995, is reversed, and this case is remanded to the Board for calculation of Robert Andrews' credit for the time which he spent in custody solely on the Board's detainer.

Jurisdiction relinquished.

McGINLEY, J., dissents and files opinion in which KELLEY and LEADBETTER, JJ., join.

McGINLEY, Judge, dissenting opinion.

I respectfully dissent because I believe that the majority has misinterpreted the Rules of Criminal Procedure. Initially, I

3. Ordinarily, we might agree that, because a bond is a contract for release from custody upon the fulfillment of certain conditions, a prisoner is not entitled to release absent the execution of a bond. *See* Chapter 4000 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 4001–4018 (1994).

However, the Pennsylvania Rules of Criminal Procedure provide two different scenarios for release on nominal bail: (1) release on nominal bail pursuant to Rule 4003, where the person in custody must execute a contract for release in the form of a bond; and (2) release on nominal bail pursuant to Rule 1100(e), where the trial court *immediately releases* the petitioner on nominal bail because the petitioner has been incarcerated more than 180 days without a trial. Under Rule 4003, a parolee who fails to execute a bond is not entitled to credit for time served thereafter because of a detainer warrant. However, under Rule 1100(e), a parolee who fails to execute a bond is, nevertheless, entitled to credit for time served solely pursuant to a detainer. In this case, the trial court had already determined that Andrews was *not* eligible for nominal bail under Rule 4003, and, after considering the bail standards set forth in Rule 4004, set an amount for bail, which Andrews did not post.

disagree with the majority's assertion that "once the trial court set nominal bail, the authorities were required to immediately release Andrews, *with or without the execution of a bond.*" Majority opinion at 757 (emphasis added). This assertion is in direct contradiction to the official comment to Rule 1100, which states, "[w]hen admitted to nominal bail pursuant to this rule, the defendant must execute a bail bond." Accordingly, Andrews was not entitled to be released until he executed a bond.

Further, I disagree with the majority's assertion that "under Rule 1100(e), a parolee who fails to execute a bond is, nevertheless, entitled to credit for time served solely pursuant to a detainer." Majority Opinion at 758, n. 3. In *Gaito*, our Pennsylvania Supreme Court held that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term ... only when the parolee was eligible for *and had satisfied* bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Gaito* at 403, 412 A.2d 568 (citing, *Rodriques v. Pennsylvania Board of Probation and Parole*, 44 Pa. Cmwlth. 68, 403 A.2d 184, 185–86 (1979)) (emphasis added).

(O.R. at 14.) The trial court's subsequent release of Andrews on nominal bail was a *Rule 1100(e) sanction* based on the prosecutor's failure to bring Andrews' case to trial within 180 days. This situation is *not* the same as the grant of nominal bail under Rule 4003.

The purpose of a bond is to ensure the defendant's appearance at subsequent proceedings. If the defendant fails to appear, the defendant forfeits the bond, and the trial court issues an arrest warrant. If a Rule 1100(e) defendant fails to appear at a later proceeding, that defendant forfeits no money; indeed, in nominal bail situations, the maximum amount of the bond is only $1.00. This amount is usually not posted and, if forfeited, it is questionable whether anyone would enter and execute judgment on the bond under Rule 4016 of the Pennsylvania Rules of Criminal Procedure.

Moreover, the only remedy for forfeiture in a nominal bond situation is further detention upon subsequent arrest. This consequence is no different than that which occurs when a defendant is released on nominal bail with an executed bond under Rule 4003 and fails to appear at a subsequent proceeding. Of course, here, because Andrews is already incarcerated on a detainer warrant, his appearance at subsequent proceedings is guaranteed.

In the present controversy there is no evidence of record to determine whether Andrews executed a bail bond. In *Pierce v. Pennsylvania Board of Probation and Parole*, 92 Pa.Cmwlth. 457, 500 A.2d 181 (1985), this Court was confronted with a similar situation where a parolee sought credit towards his recommitment time for a period during which he claimed he had satisfied bail requirements on new charges and remained in custody solely because of parole violations. We determined that there was no evidence of record to demonstrate that parolee had posted bail, stating:

> The computation of recommitment time, including the proper crediting of time spent in custody solely on a Board warrant, is a determination made by the Board just as is the determination that a petitioner did in fact violate his parole. Accordingly, the Board must bear the burden of justifying its computation of recommitment time by presenting substantial evidence that bail was not posted.
> The Board meets this burden by presenting records pursuant to 37 Pa.Code § 71.5(d). See *Davis v. Pennsylvania Board of Probation and Parole*, 85 Pa.Commonwealth Ct. 278, 481 A.2d 714 (1984). A Petitioner can then rebut this evidence by demonstrating that the Board's evidence inaccurately reflects that he did not post bail. Because in this case we are unable to determine whether Petitioner was properly credited with time spent in custody until the factual question of whether he qualified for bail on the new charges is determined we must remand this case to the Board for such a determination and recomputation if necessary. *Gaito.*

*Id.* 500 A.2d at 183.

Here, as in *Pierce*, because the record is silent on whether Andrews was properly credited with time spent in custody I would remand this case to the Board for such determination.

KELLEY and LEADBETTER, JJ., join in this dissent.