907 A.2d 460

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Keon SLOAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 2005.

Decided Sept. 27, 2006.

---

Richard T. Brown, Jr., Esq., Philadelphia, for Keon Sloan, *pro se*

18

Hugh J. Burns, Jr., Esq., Philadelphia, for Commonwealth of Pennsylvania

BEFORE: CAPPY, C.J., and CASTILLE, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice BAER.

Keon Sloan (Appellant) sought release from pretrial confinement in accord with Pa.R.Crim.P. 600(E) [1] after being held in jail for in excess of 180 days. The Court of Common Pleas of Philadelphia County granted the petition but placed Appellant under house arrest with electronic monitoring as a condition of release. Appellant argues that the trial court was without authority to attach these or any conditions to his release. Following the Superior Court's denial of Appellant's petition for review of the trial court's order, Appellant petitioned for review before this Court. After further briefing and argument, we grant the petition for review and affirm the trial court's order.

On June 14, 2004, at approximately 4 a.m., Bryhere Golphin was in his third floor bedroom when three men armed with handguns forced their way into his home, found him upstairs, and demanded money. After Golphin refused, one of the men, later identified as Appellant, pointed a gun at Golphin's chest and fired. Appellant's initial shot went through Golphin's shirt narrowly missing his body. Appellant then jumped onto Golphin's bed and continued to fire until he had emptied his weapon. As a result of the shooting, Golphin suffered multiple injuries, was hospitalized for two months, and had a metal rod and screws permanently inserted into his lower leg.[2]

---

1. Pa.R.Crim.P. 600(E) provides:
 No defendant shall be held in pretrial incarceration on a given case for a period exceeding 180 days excluding time described in paragraph (C) above (relating to exclusions from calculation of period for commencement of trial). Any defendant held in excess of 180 days is entitled upon petition to **immediate release on nominal bail.**
 Pa.R.Crim.P. 600(E) (emphasis added).

2. Michael Mayberry, who had been asleep in another room of Golphin's home, was awakened by the sound of gunfire. The other two intruders

Appellant was arrested on July 1, 2004, on a complaint and warrant filed a week earlier. He was initially incarcerated without bail. After a preliminary hearing on December 2, 2004, Appellant was held for court on charges of aggravated assault, robbery, burglary, criminal conspiracy, and lesser related offenses. His bail was set at $75,000, and he remained in jail.

On January 21, 2005, after Appellant was incarcerated for more than 180 days, he moved to be released immediately on nominal bail pursuant to Pa.R.Crim.P. 600(E), *see supra* at 1 n. 1. At a hearing on the motion, the Commonwealth argued that Appellant was too dangerous to be released without appropriate conditions.[3] The trial court rejected Appellant's argument that Rule 600(E) entitled him to unconditional and immediate release, and, instead, released him subject to conditions, stating, "this Court would not release [Appellant] without house arrest with electronic monitoring." Notes of Testimony, 2/18/05, at 8. Appellant filed a Petition for Review to the Superior Court challenging the legality of these conditions of release. The Superior Court denied the petition on June 7, 2005.[4]

Appellant then filed a Petition for Review with this Court. Prior to argument, however, Appellant was tried by a jury and convicted of aggravated assault, burglary, firearms violations, and criminal conspiracy. He was sentenced on December 2, 2005, to three consecutive terms of ten to twenty years of incarceration for the aggravated assault, burglary, and crimi-

found Mayberry and shot him a total of thirteen times. As a result of the shooting, Mayberry was permanently disabled. His left arm was paralyzed, he required heart-bypass surgery, and six bullets that could not be surgically removed were left in his body, posing possible future complications.

3. The Commonwealth submits that, at the time of the hearing, Appellant's criminal record indicated that he had been arrested fourteen times and convicted five times, including two unrelated charges of failure to appear for court on April 14, 1997, and October 2, 1998.

4. Appellant properly sought review of the trial court's order implicating bail by filing a Petition for Review in the Superior Court pursuant to Chapter 15 of the Rules of Appellate Procedure (Judicial Review of Governmental Determinations). *See* Pa.R.A.P. 1762(b)(2).

nal conspiracy charges; no further penalty was imposed for the weapons violations. Appellant filed a direct appeal challenging the judgment of sentence, which, as of this writing, is pending before the Superior Court. *See Commonwealth v. Sloan,* 65 EDA 2006 (filed January 11, 2006).

Before this Court, Appellant maintains that the trial court erred in imposing conditions upon his release on nominal bail pursuant to Rule 600(E). First, he argues that the plain language of Rule 600(E), providing that, "[a]ny defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail," prohibits imposition of any conditions. He contends that under this language release is an entitlement, not a matter of discretion subject to the factors relevant to traditional bail determinations. Brief for Appellant at 4 (citing *Commonwealth v. Abdullah,* 539 Pa. 351, 652 A.2d 811 (1995) (holding that trial court has no discretion to ignore the Rule 600(E) [5] mandate that an accused be released on nominal bail after 180 days in pretrial detention); *Andrews v. Pennsylvania Board of Probation and Parole,* 688 A.2d 756 (Pa.Cmwlth.1997) (holding that Rule 600(E) requires immediate release regardless of whether a bail bond has been executed)).

Appellant further argues that if the plain language of the rule does not compel this result, the rules of statutory construction would necessitate it. Acknowledging that Rule 600 does not define "release on nominal bail," Appellant considers the definition of the term in Pa.R.Crim. P. 524(c)(4). Appellant asserts that neither the term nor concept of house arrest is contained in Pa.R.Crim.P. 524(C)(4), which defines "release on nominal bail" as:

---

**5.** At the time this Court decided *Abdullah* the substance of Rule 600 was encompassed in Rule 1100. The renumbering became effective on April 1, 2001. It would unnecessarily complicate this discussion to use the old Rule 1100 numbers and then their correlative Rule 600 counterparts. Moreover, such complication is unnecessary in that the substance of the sections of current Rule 600 and former Rule 1100 under scrutiny are identical. Accordingly, for the sake of convenience and clarity, we will substitute the applicable numbering nomenclature of Rule 600 for that of old Rule 1100.

Release conditioned upon the defendant's depositing a nominal amount of cash which the bail authority determines is sufficient security for the defendant's release, such as $1.00, and the agreement of a designated person, organization, or bail agency to act as surety for the defendant.

Pa.R.Crim.P. 524(C)(4). Accordingly, he maintains that the trial court cannot legally require house arrest, and, by implication, electronic monitoring, of a defendant entitled to nominal bail under Rule 600(E).

Finally, Appellant confronts an argument made by the Commonwealth before the Superior Court regarding the effect on Rule 600(E) of a 1998 amendment to Article I, Section 14, of the Pennsylvania Constitution. The amendment provides for the denial of bail to prisoners for whom "no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community." [6] Pa. Const. art. 1 § 14. Appellant dismisses this argument by contending that he is not seeking "bail" under Article I, Section 14, but rather is seeking his entitlement to a speedy trial pursuant to Article I, Section 9, of the Pennsylvania Constitution.[7] Appellant contends that because Rule 600(E)

6. Article I, Section 14, of the Pennsylvania Constitution as amended in 1998 provides:

All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when proof is evident or presumption great; and the privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion or invasion the public safety may require it.

7. Article I, Section 9, of the Pennsylvania Constitution provides:

In all criminal prosecutions, the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted

has an independent basis in Article I, Section 9, and provides a remedy for the denial of his constitutional speedy trial right in the form of immediate release after 180 days of incarceration, he is entitled to nothing less than that remedy and therefore, as a matter of constitutional imperative, should have been released without conditions as soon as he spent 180 days in pretrial incarceration.

The Commonwealth responds that Rule 600(E) specifically refers to "nominal bail" and not "unconditional release," and that these terms are conceptually very different. Nominal bail is a form of bail, which by its very nature subjects defendants to conditions necessary to insure their appearance at trial and to protect the public. The Commonwealth notes that if this Court, as author of the rule, had desired to grant defendants unconditional release it could have said so, and that our use of the term "nominal bail" demonstrates our intent to allow imposition of conditions upon release.

Turning to the constitutional issue, the Commonwealth contends that a court considering a Rule 600(E) petition requesting release on nominal bail is also bound by Article I, Section 14, the constitutional provision which, in the Commonwealth's view, mandates that a trial court refuse release when "no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community." Pa. Const. art. 1, § 14. The Commonwealth asserts that the best way to harmonize these provisions is to allow a defendant's release upon conditions that protect the public. Indeed, the Commonwealth notes, Appellant's construction of Rule 600(E) to prohibit the placement of conditions on release would lead to the outright denial of bail in some cases in which conditional release might have been granted.

 Initially, we acknowledge that Appellant's case is technically moot because he is no longer in pretrial detention subject to Rule 600, but rather, is now serving his sentence

and shall not be construed as compelling a person to give evidence against himself.

following conviction. Generally, a case will be dismissed if at any stage of the judicial process it is rendered moot. *See Pap's A.M. v. City of Erie*, 571 Pa. 375, 812 A.2d 591, 599 (2002). However, under a well recognized exception to the mootness doctrine, this Court will decide technically moot issues on the merits where they are of a recurring nature yet capable of repeatedly evading review, and involve issues of important public interest. *See Commonwealth v. Baker*, 564 Pa. 192, 766 A.2d 328, 330 n. 4 (2001).

The instant appeal presents an issue of public importance that this Court has yet to address, regarding whether an accused who is incarcerated for more than 180 days is entitled to unconditional release pursuant to Rule 600(E). Moreover, the issue is likely to recur anytime an accused is subjected to pretrial bail conditions after being incarcerated for more than 180 days. However, it is likely to evade review because the Commonwealth must bring all criminal cases, like this one, to trial within 365 days or face a defense motion for dismissal with prejudice. *See* Pa.R.C.P. 600(A)(3) and 600(G). It would be a rare case where a defendant could petition for relief under Rule 600(E) after 180 days of incarceration, have it addressed by the trial court, and petition for review to the Superior Court and this Court before the underlying criminal case is brought to trial or the expiration of Rule 600(G)'s 365 days, requiring dismissal with prejudice. Accordingly, we grant review of Appellant's petition and review the issue he raises.

■■■ Whether Rule 600(E) permits a trial court to impose conditions upon a defendant's release on nominal bail is a question of law as to which our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Cousin*, 585 Pa. 287, 888 A.2d 710, 714 (2005). Our Rules of Criminal Procedure provide that the rules should be "construed in consonance with the rules of statutory construction." Pa.R.Crim.P. 102(C). As dictated by our rules of statutory construction, the object of all interpretation is to ascertain the intent of the drafters which is best done by consideration of the plain language. *See* 1 Pa.C.S. § 1921. However, when

the language is not clear, courts must consider various indicators of intent such as the object and necessity of the rule and the mischief to be remedied. *See* 1 Pa.C.S. § 1921(c). Additionally, as will be relevant to our construction of Rule 600(E), courts should presume that the drafters, whether it be the legislature or this Court, do not intend a result that is absurd or unreasonable or that violates the Pennsylvania Constitution. *See* 1 Pa.C.S. §§ 1922(1), (3).

■ Appellant urges this Court to conclude that the plain language of Rule 600(E) forbids the imposition of any conditions on the "immediate release on nominal bail." Appellant, however, must base his argument on the *absence* of language permitting additional conditions because neither the language of Rule 600(E) nor the definition of nominal bail in Rule 524(C)(4) explicitly supports his conclusion. In contrast, the drafters of Rule 600(E) signaled quite the opposite conclusion in the comments following the rule: "When admitted to nominal bail pursuant to this rule, the defendant must execute a bail bond. *See* Rules 525 and 526." Pa.R.Crim. P. 600, cmt. The cited rules, Pa.R.Crim.P. 525 and 526, impose conditions on all defendants on bail. Rule 525, entitled "Bail Bond," describes the purpose as well as the procedure of a bail bond: "a bail bond is a document whereby the defendant agrees that while at liberty after being released on bail, he or she will appear at all subsequent proceedings as required and comply with all the conditions of the bail bond." Pa.R.Crim.P. 525(A). Moreover, Rule 526, entitled "Conditions of Bail Bond," provides conditions which shall be imposed "[i]n *every case* in which a defendant is released on bail." Pa.R.Crim.P. 526 (emphasis added). The conditions include a requirement that the defendant "appear at all times required until the full and final disposition of the case;" not intimidate witness or victims; and refrain from criminal activity. *Id.* Accordingly, a defendant released on nominal bail under Rule 600(E) is subject at least to these automatic conditions.

Additionally, Rule 526 provides for the imposition of additional conditions: "[I]f the bail authority determines that it is necessary to impose conditions of release in addition to the

conditions required in paragraph (A) to ensure the defendant's appearance and compliance, the bail authority may impose such conditions as provided in Rules 524, 527, and 528." Pa.R.Crim.P. 526(B). As is relevant to this case,[8] Rule 527 provides for the imposition of non-monetary conditions of release on bail including: "(1) reporting requirements; (2) restrictions on the defendant's travel; and/or (3) *any other appropriate conditions designed to ensure the defendant's appearance and compliance with the conditions of the bail bond.*" Pa.R.Crim.P. 527 (emphasis added). As previously noted, "compliance with the conditions of the bail bond" includes compliance with the conditions requiring that the defendant not intimidate witnesses or victims and refrain from engaging in criminal activity. Pa.R.Crim.P. 526. Accordingly, we conclude that the rule plainly anticipates and thus permits the imposition of conditions such as house arrest on a defendant where the trial court deems the additional conditions necessary to ensure "the defendant's appearance and compliance." *Id.*

Additionally, we reject Appellant's reliance on *Abdullah,* 539 Pa. 351, 652 A.2d 811 (1995), and *Andrews,* 688 A.2d 756 (Pa.Cmwlth.1997). Neither case addresses the imposition of conditions on a party released on nominal bail and both pre-date the amendment to Article 1, Section 14, discussed *infra,* which provides for the denial of bail, whether nominal or otherwise, when a trial court determines that "no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community." Pa. Const. art. 1, § 14.

In *Abdullah,* 539 Pa. 351, 652 A.2d 811, the trial court denied release under Rule 600(E) to a defendant held in

---

**8.** We do not address Rule 526's references to other subsections of Rule 524, "Types of Release on Bail," as Rule 600(E) specifically invokes "release on nominal bail" defined in Pa.R.Crim.P. 524(C)(4). Additionally, conditions imposable under Rule 528 "Monetary Conditions of Release on Bail" are inapplicable as Rule 600(E) and Rule 524(C)(4) clearly would not permit additional monetary conditions over and above "depositing a nominal amount of cash which the bail authority determines is sufficient for the defendant's release, such as $1.00." Pa.R.Crim.P. 524(c)(4).

pretrial incarceration in excess of 180 days. The trial court concluded that it had discretion to consider the usual factors in setting bail and thus to deny bail. This Court determined that release was mandatory under Rule 600(E) and that the trial court had no discretion to deny release. As noted, this Court did not consider whether the trial court could have imposed conditions on the release on nominal bail or consider the impact of Article 1, Section 14. Additionally, we did not conclude that the usual conditions of nominal bail were inapplicable to nominal bail under Rule 600(E).

In *Andrews*, 688 A.2d 756, a decision not binding on this Court, the Commonwealth Court considered whether a parole violator should receive credit for time served on a Parole Board detainer following the expiration of the 180 days in pretrial incarceration relating to the new criminal charges and the trial court's grant of release on nominal bail pursuant to Rule 600(E). The Commonwealth Court concluded that Rule 600 contemplated immediate release with or without the execution of a bail bond, which did not happen in the case given the detainer. The court concluded that release on nominal bail under Rule 600(E) was different from release on nominal bail pursuant to the general rules governing bail (currently numbered Pa.R.Crim.P. 524–528). The court did not consider the comment relied upon in our analysis above, which directly references the general rules of bail, in spite of a dissent based on that comment. The court also did not consider whether a defendant could be denied relief absent conditions because the trial court granted relief, nor did the court consider the impact of Article 1, Section 14, discussed below. Accordingly, we reject Appellant's reliance on these two cases to support his plain language argument.

Even assuming that the language of the rule standing alone permitted the interpretation Appellant posits, our rules of statutory construction forbidding absurd results and violations of the constitution, 1 Pa.C.S. § 1922, require us to reject Appellant's construction of Rule 600(E) after due consideration of Article I, Section 14, of the Pennsylvania Constitution. Initially, we reject outright Appellant's suggestion that Rule

600(E)'s "release on nominal bail" does not constitute bail subject to Article 1, Section 14, because the plain language of Rule 600(E) utilizes the term "bail." As amended in 1998, Article I, Section 14, provides for bail for all prisoners except those pending trial for capital offenses or those subject to lifetime imprisonment, or "unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community." Pa. Const. art. 1, § 14.[9] Courts may frequently be faced with a defendant who has been incarcerated pretrial in excess of 180 days but whom the trial court deems too dangerous to be released without conditions, as occurred in this case. Article I, Section 14, would require the trial court to deny the defendant release under Appellant's construction of Rule 600(E), forbidding the placement of conditions on release. This construction would result in a denial of any Rule 600 relief to this subset of defendants prior to trial or the expiration of Rule 600(G)'s 365 days, even where the trial court otherwise would have released the defendants subject to certain conditions.[10] This result is as absurd as it is contrary to the purpose of Rule 600 to provide relief to defendants held in pretrial incarceration in excess of 180 days. *See, e.g., Commonwealth v. Hill*, 558 Pa. 238, 736 A.2d 578, 580 (1999) (noting that Rule 600 "was designed to encourage both the prosecution and the judiciary to act promptly in criminal cases and to establish an objective time limit for their guidance"); *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367, 369–70 (1981) (noting the dual purposes of Rule 600 to protect a defendant's speedy trial rights and to protect society's right to effective prosecution of criminal cases). Moreover, while Rule 600 generally protects a defendant's right to a speedy trial, there is no constitutional significance to the number of days or the procedure chosen by

---

**9.** The amendment, which broadens the circumstances under which bail may be denied, survived a constitutional challenge. *See Grimaud v. Commonwealth*, 581 Pa. 398, 865 A.2d 835 (2005).

**10.** We note that there may be instances where a trial court deems a defendant too dangerous to be released even subject to consideration of conditions. *See Commonwealth v. Jones*, 899 A.2d 353 (Pa.Super.2006) (affirming denial of Rule 600(E) release on nominal bail to defendant deemed too dangerous for release pursuant to Article 1, Section 14).

the Court in enacting Rule 600(E) that could trump the constraints of Article I, Section 14. *See Hill,* 736 A.2d at 580 ("[S]tate courts have the authority, pursuant to their supervisory powers, to establish fixed time periods within which criminal cases must be brought to trial.").

In light of the 1998 amendments to Article I, Section 14, we now hold that Rule 600(E)'s mandatory remedy of nominal release after 180 days of incarceration is not the same as unconditional release. Release may be conditioned on terms that not only give adequate assurance that the accused will appear for trial, but also assures that victims, witnesses, and the community will be protected. Accordingly, we hold that Rule 600(E) permits a trial court to impose non-monetary conditions, such as house arrest and electronic monitoring, on a defendant who might otherwise be denied release on nominal bail under Article I, Section 14. Thus, we affirm the decision of the trial court.

Chief Justice CAPPY, and Justice CASTILLE, Justice NEWMAN and Justices SAYLOR and EAKIN join the opinion.

Former Justice NIGRO did not participate in the consideration or decision of this matter.