J-S39027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL D. HARRIS, | |
| Appellant | No. 1848 MDA 2015 |

Appeal from the Order Entered September 22, 2015
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-SA-0000028-2015

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED MAY 09, 2016**

Appellant, Darnell D. Harris, appeals from the trial court's order dismissing his traffic citation for driving a commercial motor vehicle while his operating privilege is suspended[1] at docket number SA-28-2015.  We dismiss this appeal as moot.

The relevant procedural background of this case is as follows.  On September 22, 2015, Appellant entered a guilty plea, at separate docket number SA-34-2015, to charges of speeding at a hazardous grade and driving a commercial motor vehicle while his operating privilege is suspended.  In exchange, the Commonwealth withdrew a second charge of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1606(c)(1)(ii).

driving a commercial motor vehicle while his operating privilege is suspended, at the instant docket number, SA-28-2015. (**See** N.T. Summary Appeal, 9/22/15, at 2-4). On that same date, the court entered an order dismissing the citation at SA-28-2015.[2] (**See** Order, 9/22/15, at 1). On October 22, 2015, Appellant filed a notice of appeal at SA-28-2015 only. (**See** Trial Court Opinion, 12/24/15, at 1).

On appeal, Appellant challenges the validity of the guilty plea he entered at SA-34-2015. (**See** Appellant's Brief, at 1). However, the trial court concluded that because the citation at the docket under which the appeal was filed, SA-28-2015, was dismissed, there are no issues properly before this Court. (**See** Trial Ct. Op., at 1). We agree with the trial court.

"Generally, a case will be dismissed if at any stage of the judicial process it is rendered moot." **Commonwealth v. Sloan**, 907 A.2d 460, 465 (Pa. 2006) (citation omitted). Here, the trial court dismissed the citation at SA-28-2015; it imposed no penalty in this case. Because there is no meaningful relief that can be granted, we must dismiss this appeal as moot.

---

[2] The court re-imposed the fines and sanctions imposed by the magisterial district court judge on the charges at SA-34-2015.

Appeal dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/2016