J-S34045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELEANOR MONIQUE WILLIAMS, | |
| Appellant | No. 3184 EDA 2016 |

Appeal from the Order September 14, 2016
in the Court of Common Pleas of Pike County
Criminal Division at No.: CP-52-CR-0000406-2015

BEFORE:  BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                              **FILED JULY 06, 2017**

Appellant, Eleanor Monique Williams, appeals from the trial court's September 14, 2016 order denying her petition for a writ of *habeas corpus*. We dismiss this appeal as moot.[1]

We take the relevant facts and procedural history of this case from the trial court's November 17, 2016 opinion and our independent review of the certified record.  On October 15, 2015, Appellant pleaded guilty to one count

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel for Appellant has submitted an **Anders** brief and a petition to withdraw as counsel averring that Appellant's issue on appeal is wholly frivolous.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  However, **Anders** outlines the proper procedure for court-appointed counsel to withdraw on **direct appeal**, and is therefore not implicated in this case.  **See Anders**, **supra** at 739.  For reasons that we discuss more fully **infra**, we deny counsel's petition to withdraw at this juncture.

of failure to control or report dangerous fires.[2]  The charge stems from Appellant's starting of a fire at a residence, resulting in its destruction.  On that same day, the trial court sentenced Appellant to a term of not less than eighty-six days nor more than twenty-four months less one day of incarceration, followed by three years' probation.  The trial court gave Appellant credit for eighty-six days' time served, and she was released on immediate parole.

On March 3, 2016, the trial court found Appellant in violation of her parole/probation, based on her possession of two knives when she reported to the probation office.  The court remanded Appellant to the county correctional facility for the balance of her term, until July 10, 2017, with consideration for re-parole after serving a minimum term of one month of incarceration.  The court placed Appellant back on probation for a period of three years, and gave her credit for fifteen days' time served.  On March 23, 2016, the court entered an order providing "[Appellant] is released on parole effective immediately," subject to certain terms and conditions, including "[v]erification of a suitable parole plan."  (Order, 3/23/16).  Appellant was subsequently unable to obtain a suitable home plan.  (**See** Trial Court Opinion, 11/17/16, at unnumbered page 1).

---

[2] 18 Pa.C.S.A. § 3301(e)(1).

On July 26, 2016, Appellant filed the instant, counseled petition for a writ of *habeas corpus*, averring that she remained incarcerated in county prison against her will; that she was unable to obtain a home plan satisfactory to the probation office; and that she has not received any assistance in finding a suitable home plan. (**See** Petition for Writ of *Habeas Corpus*, 7/26/16, at unnumbered pages 1-2). The trial court held a hearing on the petition on September 8, 2016, and entered its order denying it on September 14, 2016. Appellant filed the instant, timely appeal on October 12, 2016.[3] While this appeal was pending, on October 21, 2016, Appellant was released from incarceration, and placed on re-parole. (**See** Petition in Violation of Parole/Probation, 11/10/16; **Anders** Brief, at 6, 9).

On appeal, Appellant challenges the trial court's denial of her petition for a writ of *habeas corpus*, arguing that the court erred in failing to release her from incarceration. (**See Anders** Brief, at 5).[4] However, counsel for Appellant observes that this issue is moot, because following the court's denial of the *habeas* petition, Appellant was released from incarceration. (**See id.** at 6, 9). We agree with counsel that the issue is moot.

_____

[3] Counsel for Appellant failed to file a court-ordered concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The trial court entered an opinion on November 17, 2016. **See** Pa.R.A.P. 1925(a). In light of our disposition of this appeal, we need not address this procedural defect.

[4] The Commonwealth did not file a brief.

A petition for a writ of *habeas corpus* requests the petitioner's immediate release from prison based on his or her unlawful detention. **See Joseph v. Glunt**, 96 A.3d 365, 368–69 (Pa. Super. 2014), *appeal denied*, 101 A.3d 787 (Pa. 2014). "Our standard of review of a trial court's order denying a petition for [a] writ of *habeas corpus* is limited to [an] abuse of discretion." **Id.** at 369 (citation omitted).

Preliminarily, however, we must address the propriety of this appeal. "Generally, a case will be dismissed if at any stage of the judicial process it is rendered moot." **Commonwealth v. Sloan**, 907 A.2d 460, 465 (Pa. 2006) (citation omitted); **see also** Pa.R.A.P. 1972(a)(4). A case before a court is moot "when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." **Commonwealth v. Nava**, 966 A.2d 630, 633 (Pa. Super. 2009) (citation omitted).

Here, after Appellant filed the writ of *habeas corpus* seeking release from incarceration based on her inability to comply with the court's March 23, 2016 condition that she obtain a suitable home plan, **Appellant was released from prison**. Thus, because Appellant is no longer incarcerated pursuant to the challenged order, there is no meaningful relief that can be granted. We therefore dismiss this appeal as moot.[5]

_____

[5] The record reflects that Appellant was arrested in New York a few days after she was released from incarceration, and that a second petition for
*(Footnote Continued Next Page)*

Appeal dismissed as moot.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2017

---

*(Footnote Continued)* —————————

violation of parole/probation was filed.  (**See** Petition in Violation of Parole/Probation, 11/10/16).  It is unclear from the record whether the continued assistance of counsel is required in connection with these subsequent proceedings.  Therefore, we deny counsel's petition to withdraw, without prejudice to her ability to file the appropriate petition in the trial court.