J-S32022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ALLEN BRACCO | : | |
| | : | |
| Appellant | : | No. 226 WDA 2021 |

Appeal from the Judgment of Sentence Entered January 20, 2021
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0001985-2019

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: DECEMBER 3, 2021**

David Allen Bracco (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of two counts of criminal trespass and one count each of robbery of motor vehicle, theft by unlawful taking, criminal mischief, robbery, simple assault, recklessly endangering another person, unauthorized use of automobiles and other vehicles, accidents involving damage to attended vehicle or property, and related summary offenses.[1] After careful review, we affirm.

On August 16, 2019, the Commonwealth charged Appellant with multiple offenses arising from a two-day crime spree, from June 6 - 7, 2019, which ended with Appellant's apprehension and arrest.  Appellant was immediately incarcerated in the Erie County Prison.  On October 9, 2019,

---

[1]  18 Pa.C.S.A. §§ 3503(a)(1)(i), 3702(a), 3921(a), 3304(a)(5), 3701(a)(1)(v), 2701(a)(1), 2705, 3928(a), and 75 Pa.C.S.A. § 3743(a).

Appellant filed a motion for a psychiatric evaluation of competency and mental state, which the trial court granted and ordered to be completed within 45 days. However, Appellant never followed through with the evaluation and the trial court listed the case for trial during the February 2020 term.

On January 29, 2020, Appellant filed a motion for continuance, requesting additional time to negotiate a plea agreement, or, if no agreement could be reached, prepare for trial. The trial court granted the motion and re-listed Appellant's case for the April 2020 term. However, the advent of the COVID-19 pandemic caused Appellant's trial to be postponed.[2]

On June 26, 2020, Appellant filed a second motion for psychiatric evaluation of competency. The trial court granted the motion and directed the evaluator to complete the report within 60 days. On August 3, 2020, the evaluating psychiatrist deemed Appellant competent to stand trial.

On September 21, 2020, Appellant filed a motion for release on nominal bond. Appellant asserted that, after subtracting all excludable time, he had been incarcerated "for well over 200 days," and in excess of the 180-day limit proscribed by Pa.R.Crim.P. 600(B). Motion for Release on Nominal Bail,

---

[2] The Pennsylvania Supreme Court declared a judicial emergency on March 16, 2020. The next day, the Honorable John J. Trucilla, then serving as President Judge of the Erie County Court of Common Pleas, declared a county emergency. Judge Trucilla entered an order suspending the operation of Pa.R.Crim.P. 600, and providing that "delay is not chargeable to the Commonwealth or the Defendants." Emergency Judicial Order, 3/17/20, at ¶1. Judge Trucilla's emergency order expired on August 1, 2020.

9/21/20, at ¶8. The Commonwealth filed a response opposing Appellant's release, citing the seriousness of the charges, threats made by Appellant to law enforcement officers, and additional crimes committed by Appellant while incarcerated. Motion to Revoke Bond and Response to Defendant's Motion for Release on Nominal Bond, 9/23/20. That same day, the trial court entered an order scheduling Appellant for trial on October 14, 2020.

On October 12, 2020, the parties appeared for jury selection and the trial court dismissed Appellant's motion for release on nominal bond as moot. On October 14, 2020, a jury convicted Appellant of the aforementioned offenses. The trial court sentenced Appellant to an aggregate 105 to 210 months of incarceration plus fines on January 20, 2021, with Appellant to receive credit for 582 days of time served. On February 3, 2021, the Commonwealth filed a motion to modify sentence, which the court denied on February 9, 2021. On February 18, 2021, Appellant filed a motion to amend credit for time served, seeking additional credit for time served from the date of his arrest to the date of his preliminary hearing. The trial court granted Appellant's motion the same day. Appellant filed this timely appeal. [3]

Appellant presents a single issue for review:

> DID THE TRIAL COURT ERR IN DISMISSING APPELLANT'S REQUEST FOR RULE 600 RELIEF?

Appellant's Brief at 9.

Our standard and scope of review are well settled:

---

[3] Appellant and the trial court complied with Pa.R.A.P. 1925.

- 3 -

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa. Super. 2018) (citation and emphasis omitted).

Appellant argues the trial court erred by denying his request for release on nominal bail pursuant to Pa.R.Crim.P. 600(D)(2), which provides in relevant part:

> [W]hen a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D)(2). As it relates to this case, Rule 600(B)(1) states: "[N]o defendant shall be held in pretrial incarceration in excess of ... 180 days from the date on which the criminal complaint is filed." Pa.R.Crim.P. 600(B)(1).

- 4 -

"Generally, a case will be dismissed if at any stage of the judicial process it is rendered moot." **Commonwealth v. Sloan**, 907 A.2d 460, 465 (Pa. 2006) (holding that challenge to denial of request for release on nominal bail is moot where defendant is no longer in pre-trial detention). A defendant is no longer in pre-trial detention when he is serving a sentence following conviction. **Id.** at 464–65. A Rule 600(B) claim regarding pre-trial release on nominal bail is "technically moot" once the defendant is serving a sentence following conviction. **Id.**

Appellant did not immediately appeal the court's pre-trial denial of his motion for release on nominal bail after 180 days in custody pursuant to Pa.R.Crim.P. 600(B). **See** Pa.R.A.P. 1762(b)(2) ("Release in Criminal Matters"); Pa.R.A.P. 1516(a) (regarding petitions for judicial review of governmental determinations, including bail decisions in criminal matters as authorized in Pa.R.A.P. 1762). In addition, Appellant is no longer incarcerated in pre-trial detention; he is now serving a sentence following conviction. Thus, Appellant's claim is moot. **Sloan**, **supra** at 468. As such, we decline to discuss the merits of his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/3/2021