J-M06007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEJOUR PALMER | : | |
| | : | |
| Petitioner | : | No. 94 WDM 2024 |

Appeal from the Order Dated November 13, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005096-2024

BEFORE: SULLIVAN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.: **FILED: FEBRUARY 24, 2025**

Petitioner, Dejour Palmer ("Palmer"), filed a Petition for Specialized Review" pursuant to Pa.R.A.P. 1610 ("Petition"), which denied his petition to modify the non-monetary conditions of bail. Upon review, we affirm.

The underlying facts in the criminal complaint allege that on May 14, 2024, while Palmer was driving his mother's car, police officers conducted a vehicle stop, and after discovering Palmer in possession of marijuana, police obtained a search warrant and upon execution of the warrant recovered a gun from the glove compartment. The gun is allegedly registered to Palmer's girlfriend. Police arrested Palmer and charged him with carrying a firearm without a license, persons not to possess a firearm, possession of marijuana, and various Vehicle Code violations.

District magistrate Lisa Caufield denied bail. On May 21,2024 Judge Elliott C. Howsie conducted a bail review hearing at which time Erin Spicuzza

("Ms. Spicuzza") of the Pretrial Services Unit noted Palmer had serious medical issues requiring treatment and requested electronic home monitoring ("EHM") and medical "windows" to allow Palmer to receive that treatment. **See** N.T., 5/21/24, at 2. Ms. Spicuzza also noted Palmer had a previous firearms conviction in 2017. **Id.** Assistant District Attorney Carey ("ADA Carey) concurred with Ms. Spicuzza and noted that this subsequent gun related arrest raised community safety concerns. **See id**. at 4. Per the request of counsel, the court granted Palmer non-monetary bail with EHM and "windows" for medical treatment and/or work ("if he is working"). **See id**. at 4-5.

In November 2024, Palmer filed an omnibus pretrial motion that included a petition to modify his non-monetary bail with EHM conditions to unsecured bail with no conditions, citing his medical condition and employment schedule. On November 13, 2024 Judge Edward J. Borkowski held a hearing on this second request to modify Palmer's non-monetary bail. During the hearing Ms. Spicuzza testified Palmer purported to make multiple visits to the emergency room ("ER") while on EHM for sickle cell anemia treatment but when asked to provide documentation he failed to provide it. **See** N.T., 11/13/24, at 2, 5. She also testified that Palmer's ankle bracelet had been removed with dull scissors or torn apart, which required the assigned probation officer to replace it. **See id**. at 2-3. In addition, Palmer failed to provide proper documentation of his employment or schedules from his employer to his probation officer, house arrest case manager, or house arrest

supervisor, despite specific instructions to do so. *See id*. at 3. Ms. Spicuzza also testified Palmer left home without authorization on November 5, 2024, and when his probation officer called him the next day, Palmer became argumentative, cursed at the officer, said that it was *the officer's* job to contact his employer, and he was going to work with or without a window. *See id*. at 3-4. Although Palmer later apologized, he continued to have multiple-hour periods on unauthorized leave between November 6th and November 11th. *See id*. at 3-4.

Palmer's counsel asserted Palmer had sent screenshots of his work schedule to the proper authorities. *See id*. at 8. He also asserted Palmer would be acquitted on the gun charge. *See id*. at 8. Counsel argued Palmer did not represent a danger to the community and again requested unsecured monetary bond. *See id*. at 8-9. The hearing transcript reveals that Judge Borkowski was thorough in his review. He denied any bail modifications and directed Palmer's work "window" be removed unless he provided a schedule from his employer, and Palmer's EHM would be revoked unless he provided documentation for his unaccounted-for ER visits. *See id*. at 9-10. It must be noted that based on the various bail condition violations Judge Borkowski could have revoked the non-monetary bail, taken Palmer into custody and impose monetary bail.

Palmer testified his employer had no means to send a work schedule to the court. *See id*. at 10-11. He testified the ankle monitor had broken as he

tried to adjust it, and he notified pretrial services immediately. ***See id***. at 11. The court ordered Palmer to obtain some proof of employment and to provide proof of his emergency room visits ***See id***. at 12-13. The court also expressed doubt the ankle monitor could have come off as Palmer said it had. ***See id***. at 13.

Palmer's brother, Albery Bosley ("Bosley"), testified and corroborated most of Palmer's testimony. Bosley testified the nurses' busy schedules at the emergency room prevented them from contacting Palmer's probation officers. ***See id***. at 15-17. Palmer then testified his probation officer was satisfied with his proof of employment. ***See id***. at 18. The court ordered Palmer to give Ms. Spicuzza a receipt from his employer with his supervisor's name and phone number. ***See id***. at 18-19. The court stated that its concern for Palmer's medical condition convinced him not to send Palmer back to prison. The trial court noted on the record that with the violations expressed at the hearing he could have sent him back to jail. The court, however, empathized with Palmer's serious medical condition and made no modifications either way. The court entered an order revoking Palmer's work "windows" until he provided proper work verification, and requiring authentication of emergency room visits within three days. ***See*** Bail Certification, 11/13/24.

On December 11, 2024, Palmer timely filed the instant petition presenting a single issue for review:

Did the motions court abuse its discretion when it denied the motion for modification of bail from nonmonetary with an EHM condition to an unsecured monetary bail based on its incorrect understanding of the purpose of bail and the purpose of electronic home monitoring, which is not to inflict pre-conviction punishment or to compel rehabilitation, but rather, to ensure the defendant's appearance at court?

Palmer's Petition for Specialized Review Pursuant to Pa.R.A.P. 1610, 12/11/24, at 9.

At the outset, we observe that, in light of our Supreme Court's decision in ***In the Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024), wherein the Court held that this Court "lacks discretion to decide whether to grant or deny these petitions for specialized review," review of the merits of the instant petition is now mandatory. ***Id.*** at 1101. Although ***N.E.M.*** addressed Rule 1612 petitions for specialized review relating to juvenile out-of-home placement, its rationale is equally applicable to Rule 1610 petitions for specialized review of bail. ***See Commonwealth v. Miller***, 319 A.2d 575, 580 (Pa. Super. 2024). The ***N.E.M.*** Court explained that, unlike Chapter 13 of our Rules of Appellate Procedure, which governs interlocutory appeals by permission, Chapter 16 evidences a "mandatory nature" for petitions for specialized review and provides a "procedure for appellate review of certain discrete issues." ***N.E.M.***, 311 A.3d at 1099 (citation omitted). The Court further explained that Rule 1610 "controls how appellate review will be afforded, not how a party can seek permission to appeal." ***Id.*** Thus, we turn to the merits of the instant petition.

The instant case involves not the denial of bail, but whether the conditions attached to the nonmonetary bail based on nonmonetary conditions per Pa.R.Crim.P. 524 (c)(2) are appropriate. Absent case law stating the standard of review for a trial court's imposition of conditions to the bail bond, and in recognition of the fact the trial court sees and hears the witnesses at bail hearings whereas we review a cold record, we apply the abuse of discretion standard applicable to review of bail forfeitures to Palmer's petition. *See Commonwealth v. Riley*, 946 A.2d 696, 698 (Pa. Super. 2008).

As our Supreme Court has held, Pa.R.Crim.P. 526, "Conditions of Bail Bond," provides conditions which shall be imposed "[i]n every case in which a defendant is released on bail[.]" *See Commonwealth v. Sloan*, 907 A.2d 460, 466 (Pa. 2006). At least three conditions in any case where a defendant is granted release on nominal bail: (1) the defendant must appear at all times until the final disposition of the case, (2) the defendant may not intimidate witnesses or victims, and (3) the defendant must refrain from criminal activity. *See id*., citing Pa.R.Crim.P. 526.[1] Rule 526 invokes Rules 524, 527, and 528,

---

[1] Pennsylvania Rule of Criminal Procedure 526 states, in pertinent part:

> (A) In every case in which a defendant is released on bail, the conditions of the bail bond shall be that the defendant will:
>
> (1) appear at all times required until full and final disposition of the case;

*(Footnote Continued Next Page)*

pertaining to "Types of Release on Bail," "Nonmonetary Conditions of Release on Bail," and "Monetary Conditions of Release on Bail," respectively.

Although Rule 526 does not invoke or cite Rule 523, Palmer's underlying motion to modify from EHM to unsecured bond may implicate Rule 523. ***See*** Pa.R.Crim.P. 529, Comment ("In making a decision to modify a bail order, the issuing authority or judge should evaluate the information about the defendant as it relates to the release criteria in Rule 523 and the types of release on bail set forth in Rule 524."). The Rule 523(A) release criteria factors include:

_____

(2) obey all further orders of the bail authority;

* * *

(B) If the bail authority determines that it is necessary to impose conditions of release in addition to the conditions required in paragraph (A) to ensure the defendant's appearance and compliance, the bail authority may impose such conditions as provided in Rules 524, 527, and 528.

(C) The bail authority shall set forth in the bail bond all conditions of release imposed pursuant to this rule.

Comment: This rule continues the practice that all defendants released on bail under these rules are subject to an order of the bail authority that they comply with all the conditions of the bail bond. Paragraph (A)(4) effectuates the Crimes Code requirement set forth in 18 Pa.C.S.A. § 4956. All the conditions of the bail bond set forth in paragraph (A) must be imposed in every criminal case in which a defendant is released on bail. In addition to these conditions of the bail bond, in the appropriate case, the bail authority may also impose a condition of release on bail as provided in Rules 524, 527 and 528.

Pa.R.Crim.P. 526.

> (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8) the defendant's prior criminal record; (9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

*See* Pa.R.Crim.P. 523.

Palmer asserts EHM and the other conditions of his bail are not reasonably related to the purposes of bail of ensuring the accused's appearance in court and protecting the community. *See* Petition at 10 (citing *Sloan*, 907 A.2d at 468). He argues there is no logical connection between requiring his employer to send his work schedule to his bail agent in advance or requiring him to confirm his hospitalizations and ensuring his appearance in court. *See id*. at 11. Palmer further asserts that nothing about him or the facts of the case justified the imposition of EHM because he was not alleged to have engaged in criminal activity or used illegal drugs while on bail, nor was it alleged he lied about his whereabouts. *See id*. He thus states EHM and the accompanying conditions are excessively burdensome and constitute pre-conviction punishment. *See id*.

Palmer also contends that none of Pa.R.Crim.P. 523's release criteria justify EHM and the additional conditions in his case. He asserts his likelihood of conviction is low; he is employed and lives with his brother; he suffers from sickle cell anemia; no information was provided at the bail hearing about his previous bail forfeiture; his two prior convictions were for misdemeanor offenses; he did not use false identification during the vehicle stop; and any problems with his complaint with his bail conditions were because they were excessive. *See id*. at 11-14.

In response to this Court's direction, the trial court provided a statement of its reasons for denying Palmer's petition to modify bail. The court stated it found no change in circumstances to support modification of the original bail order, and it found the assertions Palmer violated his bond credible, which would have supported revocation of EHM and re-invoking monetary bail. The court further noted Palmer's removal of his ankle bracelet, his five-times repeated failure to comply with his EHM conditions, his cursing and argumentative behavior after his November 5, 2024 EHM violations, and his failure to provide work documentation. *See* Trial Court Statement, 12/20/24, at 1-2. The court also noted Palmer's criminal history and the fact the instant charges involved a traffic stop at which police found a firearm. *See id*.

Based upon our review of the record, we cannot conclude that the trial court abused its discretion by denying bail modification given Palmer's repeated violations of bail conditions, including the removal of his physical

monitor, his repeated violations of EHM, and his declaration that he would not be bound by his court-ordered requirements, which suggests EHM is necessary to ensure his presence in court. Additionally, we do not find onerous the court's requirements that Palmer prove where he was on the multiple occasions, he violated EHM and note he failed to provide such proof despite being given the opportunity to do so. Finally, we note the court had grounds based on Palmer's conduct to revoke the nonmonetary bail and EHM condition entirely but elected not to do so. The trial court's restraint and empathy is noted and his thorough hearing and analysis of the situation is emphasized.

Accordingly, in light of the foregoing, and pursuant to **N.E.M.**'s and **Miller**'s mandate to consider petitions for specialized review on their merits, we affirm the trial court's November 13, 2024 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/24/2025