529 A.2d 31

**In the Interest of M.A., a minor; York County Children & Youth Services; B.R., Natural Mother; and N.A., Natural Father.**

Superior Court of Pennsylvania.

Argued June 11, 1987.

Filed Aug. 7, 1987.

Daniel Fennick, York, for M.A., appellant.

Before CIRILLO, President Judge, and OLSZEWSKI and HESTER, JJ.

CIRILLO, President Judge:

This is an appeal from an order terminating the legal custody of appellant which was held by York County Children and Youth Services (YCCYS). We affirm.

The sole issue presented for our review is whether the trial court properly terminated YCCYS's legal custody of appellant, thereby discharging that agency's duty to provide certain services for the appellant.

The appellant, M.A., was born on January 14, 1972. Pursuant to a voluntary petition filed by appellant and her parents in February 1985, the trial court adjudicated her a dependent and awarded legal and physical custody of appellant to YCCYS.

In April 1987, the trial court was presented with an agreement by all the parties in interest whereby legal custody of the appellant in YCCYS was to be terminated. This would have the effect of ending the trial court's continuing supervisory role as well as ending appellant's eligibility to participate in certain rehabilitative and counseling programs. It seems that the appellant wants to discharge YCCYS from its custodial role, while at the same time enjoy the benefits of a Youth Advocate Program.[1]

The trial court stated that the "issue now comes down to M.A. wanting to dictate which services she will use and insisting on the right to reject those services she chooses." The trial court described the stormy experience that the appellant had with YCCYS, but recognized that some improvement had resulted. Appellant was granted an extension of the benefits of the Youth Advocate Program beyond the termination of YCCYS's custody, until the beginning of June 1987 which was the end of her school year. Noting the budgetary restraints involved in contrast with the large number of people needing help, the trial court concluded that after early June of 1987, the services provided by the Youth Advocate Program should be used to afford other juveniles and their families an opportunity to benefit from them as appellant had.[2]

Appellant argues that the Juvenile Act requires the Commonwealth to continue to provide the same services to which a dependent child would be entitled. The purpose of the Juvenile Act is "to preserve the unity of the family whenever possible and to provide for the care, protection, and wholesome mental and physical development of children

1. This program of limited availability includes counseling which, it seems, appellant would still like to receive without charge.

2. The appellant is represented by counsel in this appeal.

coming within the provisions of this chapter," as well as "to achieve the foregoing purposes in a family environment whenever possible, separating the child from parents only when necessary for his welfare or in the interests of public safety." 42 Pa.C.S. § 6301(b)(1), (3).

The applicable definitions of a dependent child include one who is without proper parental care or control; has been abandoned by or is without parents or other legal custodian; or is under the jurisdiction of the court pursuant to an adjudication of dependency. 42 Pa.C.S § 6302. Although appellant satisfied one or more of these definitions in February 1985, we agree with the trial court that she no longer fits the applicable statutory description of a dependent child for the purposes of the Juvenile Act.

As we stated in *Commonwealth v. Davis*, 330 Pa.Super. 551, 479 A.2d 1041 (1984), the benefits of the Juvenile Act are "only [for] those children who come within the provisions of the Juvenile Act." *Id.*, 330 Pa.Superior Ct. at 558, 479 A.2d at 1045 (citing 42 Pa.C.S. § 6301(b)(1)). The *Davis* court recognized that § 6303(a) of the Juvenile Act describes its limited scope as applicable exclusively to four enumerated scenarios. *Id.* The only relevant applicability of the Act in this case would be those "[p]roceedings in which a child is alleged to be delinquent or dependent." 42 Pa.C.S. § 6303(a)(1). We have previously determined that the appellant is not dependent pursuant to the Act, and there is no allegation before us that she is delinquent. Therefore, we must conclude that she does not enjoy the benefits of the Act. *See Davis*, 330 Pa.Super. at 558, 479 A.2d at 1045.

Unfortunately, appellant assumes without persuading that she is dependent. Thus, she inappropriately bases her argument on the duties that the Commonwealth owes to a dependent child. Indicative of this assumption is her citation to *Janet D. v. Carros*, 240 Pa.Super. 291, 362 A.2d 1060 (1976), which merely discusses the treatment to which deprived or dependent children are entitled. This begs the question.

We find nothing in the Juvenile Act which would entitle appellant to require the YCCYS to provide the services that she requests without charge. The particular service which she seeks apparently must also provide for many other more needy citizens. Just as a child cannot expect his natural parents to have unlimited resources, so too, the Commonwealth in its role as parens patriae cannot be expected to provide unlimited resources for the benefit of all those who may arguably need them.

Order affirmed.