J-S09001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: K.S., A MINOR | : | |
| | : No. 3238 EDA 2019 | |

Appeal from the Order Entered October 31, 2019
In the Court of Common Pleas of Delaware County Juvenile Division at
No(s):  No. CP-23-DP-48-2019

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 27, 2020**

Appellant, K.S., a minor,[1] appeals from the October 31, 2019 order that denied his application to file a private petition for dependency pursuant to Pa.R.J.C.P. 1320.  After review, we affirm, albeit on separate grounds.[2]

The record reflects that on March 25, 2019, Attorney Daniel G. Anna, counsel for K.S., filed a petition for dependency pursuant to Pa.R.J.C.P. 1330 ("the Petition").  The Petition requested that the trial court adjudicate K.S., a native of India, who was born in November of 2001, a dependent child.  On

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  As noted in our discussion and relevant to our decision, although K.S. was a minor when the underlying proceedings began, he has since attained the age of majority.

[2]  We may affirm the trial court's disposition "on any correct basis." **Rambo v. Greene**, 906 A.2d 1232, 1235 n.4 (Pa. Super. 2006).

April 9, 2019, the trial court scheduled a hearing on the matter. In the interim, Attorney Anna recognized that the Petition was improper. Because Attorney Anna did not represent the Delaware County Children and Youth Services ("CYS"), he was required to file an application to file a private petition. *See* Pa.R.J.C.P. 1330, cmt. ("Any other person, other than the county agency, is to file an application to file a petition under Rule 1320.").

On July 22, 2019, Attorney Anna filed an application to file a private petition ("the Application"). In the Application, Attorney Anna alleged K.S. was a dependent child pursuant to Section 6302 of the Pennsylvania Juvenile Act, 42 Pa.C.S. §§ 6301-6375 ("the Juvenile Act"). The Application, 7/22/19, at ¶¶ 2-4. Attorney Anna noted that a cousin, B.S.,[3] was K.S.'s caretaker while K.S. was in the United States. *Id.* at ¶ 5. Nevertheless, in the Application, Attorney Anna expressed concern that K.S. could potentially fall victim to "human trafficking." *Id.* Attorney Anna averred that K.S. comes within the jurisdiction of the trial court under the Juvenile Act because K.S. was abandoned by his parents and is without a parent, guardian, or legal custodian under 42 Pa.C.S. § 6302. *Id.* at ¶ 3 (incorporating the Petition by reference). However, Attorney Anna requested that B.S. remain K.S.'s

---

[3] Throughout the record, B.S. is referred to both as K.S.'s uncle or cousin. Order, 10/31/19, at ¶ 2. However, B.S. testified that K.S.'s paternal grandmother and B.S.'s mother are sisters; thus, K.S. is B.S.'s first cousin once removed. *Id.* at ¶ 9 (citing N.T., 9/12/19, at 23).

caretaker and that placement remain with B.S. *Id.* at ¶ 3 (incorporating the Petition by reference) and ¶ 6.

On September 12, 2019, the trial court held a hearing on the Application. In its order disposing of the Application, the trial court found that K.S. and B.S. testified credibly at the hearing. Order, 10/31/19, at ¶¶ 4-11. The trial court also credited the affidavit completed by K.S.'s parents in which K.S.'s parents attested that they are the natural parents of K.S., and they authorized B.S. to care for K.S. *Id.* at ¶ 12. Finally, the trial court noted that although counsel for CYS was present during the hearing, CYS's counsel did not present testimony or question K.S. or B.S. *Id.* at ¶ 13.

In denying the Application, the trial court concluded as follows:

[K.S.] has not been "abandoned by his parents, guardian or other custodian" because he is under the care of [B.S.] and [B.S.'s] wife who are taking care of all of [K.S.'s] needs, including providing food, shelter, clothing and education and the Petition requests that upon a finding of dependency, [K.S.] be returned to [B.S.]. *See* Petition, page 2; *Interest of L.E.A-M., a Minor*, 156 A.3d 310 (Pa. Super. 2017) and 42 Pa.C.S. §6302 (3). The [c]ourt concludes that [B.S.] credibly testified that he "agreed to the provisions set forth in the Sponsor Care Agreement, pertaining to [K.S.'s] care, safety, and well-being, and the sponsor's responsibility for ensuring [K.S.'s] presence at all future proceedings before the Department of Homeland Security and the Department of Justice/Executive Office for Immigration Review (ROIR)[,]" and [K.S.] was released to him on January 26, 2019. N.T. 9/12/19, pp. 23-24. *See* Verification of Release and Acknowledgement of the Sponsor Care Agreement, dated January 26, 2019. The [c]ourt concludes that [B.S.] credibly testified that "they told me make sure he not work and make sure he goes to school. Make sure you give him food, clothes, everything .... They said make sure you hire a lawyer to do this political asylum case and make sure that he goes to school. ... So he can stay here or whatever you can do." N.T. 9/12/19, p. 25. The [c]ourt concludes

- 3 -

that [K.S.] has not been abandoned by his parents since they have not cut off relations but they have attempted to fulfill their obligations by ensuring that [K.S.] had an opportunity to travel to a more desirable location and was placed with [B.S.], his cousin (uncle) in the United States. …

Opinion, 11/25/19, at 6-7. On November 12, 2019, K.S. filed this timely appeal. Both K.S. and the trial court complied with Pa.R.A.P. 1925.

On appeal, K.S. raises the following issues:

1. Is [K.S.] a "dependant child" under the statutory definition of "dependent child" under the … grounds specified in the dependency petition?

2. Should the legal doctrine of in *loco parentis* be expanded to the point that it is forced upon an individual who has not sought it and has not accepted its rights and obligations?

3. Should the dependency court allow administrative efficiency and other con[c]erns to generate a result that sacrifices the best interests of the child to the extent that the child is seriously harmed in the process?

K.S.'s Brief at 2 (full capitalization omitted).

Our review is governed by the following principles:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but [it] does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re E.B.*, 83 A.3d 426, 430 (Pa. Super. 2013) (citations omitted). Section 6302 of the Juvenile Act defines "child" and "dependent child," in relevant part, as follows:

**"Child."** An individual who:

- 4 -

(1) is under the age of 18 years;

(2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or

(3) is under the age of 21 years and was adjudicated dependent before reaching the age of 18 years[.]

\* \* \*

**"Dependent child."** A child who:

(1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk; …

(3) has been abandoned by his parents, guardian, or other custodian;

(4) is without a parent, guardian, or legal custodian[.] …

42 Pa.C.S. § 6302 (Definitions).

In light of these definitions, we are constrained to affirm the trial court's order. As noted above, K.S. was born in November of 2001. Accordingly, K.S.'s eighteenth birthday occurred in November of 2019. Herein, K.S. was never adjudicated dependent, and he is now eighteen years old. Accordingly, K.S. is not a child and cannot be a dependent child under the Juvenile Act. 42 Pa.C.S. § 6302; *see also Commonwealth v. Iafrate*, 594 A.2d 293, 295 (Pa. 1991) (holding that under the Juvenile Act, a juvenile attains age of

majority on the eighteenth anniversary of his birth date). The Juvenile Act does not apply to an individual who does not meet the criteria of a "child" under 42 Pa.C.S. § 6302. **Commonwealth v. Anderson**, 630 A.2d 47, 49 (Pa. Super. 1993).

> As we stated in **Commonwealth v. Davis**, 479 A.2d 1041 (Pa. Super. 1984), the benefits of the Juvenile Act are "only [for] those children who come within the provisions of the Juvenile Act." **Id.** at 558, 479 A.2d at 1045 (citing 42 Pa.C.S. § 6301(b)(1)). The **Davis** court recognized that § 6303(a) of the Juvenile Act describes its limited scope as applicable exclusively to four enumerated scenarios. **Id.** The only relevant applicability of the Act in this case would be those "[p]roceedings in which a child is alleged to be delinquent or dependent." 42 Pa.C.S. § 6303(a)(1).

**In Interest of M.A.**, 529 A.2d 31, 33 (Pa. Super. 1987). K.S. was never adjudicated dependent or delinquent, and he is not eligible for relief under the Juvenile Act. **Id.**

Assuming, *arguendo*, that K.S. had not attained the age of majority, we would nevertheless affirm the trial court's order. In denying the Application, the trial court relied on **L.E.A-M.**, 156 A.3d 310. Opinion, 11/25/19, at 6. In **L.E.A-M.**, we held that a child who left El Salvador to come to the United States could not be deemed "dependent" under the Juvenile Act because the child was not "abandoned." **L.E.A-M.**, 156 A.3d at 312. This Court concluded that the child was under the care of his maternal uncle, who was child's guardian under the Juvenile Act, and the uncle and his wife took care of all of child's needs, including providing food, shelter, clothing, and education. **Id.**

Similarly, in the case at bar, K.S. never was a dependent child. As the trial court discussed, K.S.'s parents completed an affidavit entrusting B.S. to care for K.S. K.S.'s parents are still alive and never abandoned him. Moreover, there was no evidence that K.S. was subject to any victimization. To this end, the trial court noted the Assessment Report, completed by Kelly J. Ace, Ph.D., J.D., dated October 20, 2019, which stated that K.S. was interviewed, and "[t]he interview did not yield information that suggests [K.S.] has been the victim of labor or sex trafficking. [K.S.] is not at high risk of commercial sex exploitation at this time, due to his connection to [his] family and the local Sikh community." Opinion, 11/25/19, at 19-20. Were we to reach the trial court's rationale, we would conclude that the trial court committed no abuse of discretion in finding that K.S. is not a dependent child.

For the reasons set forth above, we conclude K.S. is not eligible for relief under the Juvenile Act. Therefore, no relief is available to K.S., and there is no basis upon which to disturb the trial court's order. Accordingly, the October 31, 2019 order denying the Application is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2020

- 7 -