J-A07043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAPPELL JOE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 929 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001724-2019

BEFORE: BOWES, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 27, 2021**

Appellant Chappell Joe Williams appeals from the judgment of sentence entered by the Court of Common Pleas of Lancaster County after a jury convicted Appellant of Persons not to Possess a Firearm (18 Pa.C.S.A. § 6105(a)(1)) and Appellant pled guilty to Firearms Not to Be Carried Without a License (18 Pa.C.S.A. § 6106(a)(1)) and Receiving Stolen Property ("RSP") (18 Pa.C.S.A. § 3925(a)). After remand, counsel has filed a second petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). We affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the relevant facts of the case as follows:

---

* Former Justice specially assigned to the Superior Court.

On February 25, 2019, Detective Nathan Nickel of the Lancaster City Bureau of Police saw [Appellant], who was known to the Detective, on the 500 block of East Chestnut Street, Lancaster City. Indeed, the Detective was en route to obtain a felony warrant for [Appellant] relating to a shooting investigation. After the Detective confirmed [Appellant] was Chappell Williams, the Detective directed [Appellant] to sit on the sidewalk. Immediately, [Appellant] ducked down behind a parked vehicle, appeared to discard something, and then stood back up. The Detective heard a metallic scraping sound coming from underneath the vehicle which coincided with [Appellant's] movements. In response, Detective Nickel drew his gun and asked [Appellant] what he had discarded; [Appellant] replied that i[t] was a cell phone. The Detective recovered a fully loaded .9 millimeter handgun but no cell phone underneath the car. Within twenty seconds of stopping [Appellant], arresting officers arrived on the scene and handcuffed [Appellant]. A cell phone and a .9 millimeter Glock magazine were found on [Appellant's] person.

Trial Court Opinion, 11/23/20, at 1-2.

After Appellant was arrested and charged with the aforementioned offenses, Appellant expressed his intention to represent himself and waived his right to counsel. Notes of Testimony (N.T.), 1/27/20, at 14-16. Appellant filed several pretrial motions, including a motion for nominal bail pursuant to Pa.R.Crim.P. 600 and a suppression motion.

On January 27, 2020, after a hearing, the trial court denied all of Appellant's pre-trial motions. On that same day, Appellant proceeded to a jury trial on the Persons not to Possess charge, representing himself with the assistance of standby counsel. At the conclusion of the trial, the jury convicted Appellant of Persons Not to Possess a Firearm.

After the jury rendered its verdict, Appellant requested counsel for the remaining two charges on this docket. N.T., 1/28/20, at 271-75. On January

29, 2020, Appellant's stand-by counsel, Daniel Bardo, Esq. was appointed as Appellant's counsel. On June 26, 2020, Appellant entered a counseled guilty plea to Firearms Not to Be Carried Without a License and RSP. The trial court sentenced Appellant to an aggregate term of seven and one-half (7½) years to fifteen (15) years' incarceration.

Despite his representation by counsel, Appellant filed a *pro se* post-sentence motion that he self-dated July 3, 2020. This motion was received by the trial court on July 8, 2020. Before the trial court could respond to his post-sentence filing, on July 10, 2020, Appellant filed a timely *pro se* notice of appeal.[1]

---

[1] We acknowledge that Appellant filed a *pro se* notice of appeal while represented by counsel. In similar circumstances, this Court has held:

> [a]s hybrid representation is not permitted in the Commonwealth, our courts "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa.Super. 2016) (citation omitted).

> However, when a counseled defendant files a *pro se* notice of appeal, the appeal is not a legal nullity and has legal effect. **Commonwealth v. Cooper**, 611 Pa. 437, 27 A.3d 994, 1007 (2011). While a defendant does not have a right to hybrid representation, "there is a right of appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution." **Williams**, 151 A.3d at 624 (citing **Commonwealth v. Ellis**, 534 Pa. 176, 626 A.2d 1137 (1993)). "Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief." **Williams**, 151 A.3d at 624.

**Commonwealth v. Hopkins**, 228 A.3d 577, 580–81 (Pa.Super. 2020).

On July 29, 2020, Appellant's counsel, who also served as Appellant's standby counsel at trial, filed an application for leave to withdraw his representation, indicating that Appellant had informed him that he wished to proceed *pro se* with the appeal. On August 4, 2020, this Court directed the trial court to conduct a **Grazier** hearing to determine whether Appellant wished to proceed *pro se* or with the assistance of counsel.

On August 10, 2020, the trial court ordered Appellant to file a Concise Statement of Errors on Appeal pursuant to Pa.R.A.P. 1925(b). Given the pendency of the **Grazier** hearing, counsel filed a motion for an extension of time to file the concise statement after the **Grazier** issue had been decided, which the trial court granted. On September 10, 2020, Appellant submitted a *pro se* concise statement, raising thirteen issues for review on appeal.

On September 15, 2020, after the **Grazier** hearing, the trial court ordered counsel to remain as Appellant's counsel, finding that Appellant did not wish to proceed *pro se* but was "instead frustrated with his counsel disagreeing with [Appellant] on legal strategy/tactics." Order, 9/15/20, at 1.

Thereafter, on October 21, 2020, counsel filed notice of his intent to file an **Anders** brief in lieu of a concise statement, but listed the issues that Appellant raised in his September 10, 2020 *pro se* concise statement. Counsel also indicated there were no meritorious claims to raise on appeal and subsequently submitted an **Anders** brief to this Court.

On May 13, 2020, this Court remanded the case after finding counsel's initial **Anders** brief failed to comply with **Santiago** and **Commonwealth v.**

*Smith*, 700 A.2d 1301 (Pa.Super. 1997) as counsel included arguments advocating against Appellant's position on the issues that Appellant wanted to raise. *See Smith*, 700 A.2d at 1303 (clarifying that "[a] brief pointing out the flaws in the issues presented is not the proper form of an *Anders* brief, as this approach operates to deny a defendant the assistance of counsel"). As such, we directed counsel to file an advocate's brief or an *Anders*-compliant brief within thirty days of our decision.

On June 17, 2021, counsel filed an application to extend time to file his brief *nunc pro tunc*, indicating that he had not noticed this Court's May 13, 2020 decision until he received a phone call from the Prothonotary. Counsel attached his second petition to withdraw and an amended *Anders* brief for our review.

While we disapprove of counsel's late filing, we nevertheless grant his application for a time extension and proceed to review his *Anders* brief and petition to withdraw.

We again must first evaluate counsel's request to withdraw before reaching the merits of the case. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa.Super. 2013); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (stating, "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). We further review counsel's *Anders* brief for compliance with the requirements set forth in the Supreme Court's decision in *Santiago*:

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361.

The Supreme Court in *Santiago* clarified that *Anders* does not "require[] that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. [W]hat the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal." *Id*. at 176, 978 A.2d at 359-360.

Moreover, counsel must provide a copy of the *Anders* brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3)

- 6 -

raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief.'" ***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007)).

In this case, counsel filed an amended ***Anders*** brief with his application to withdraw as counsel, in which he states that he made a conscientious examination of the record and determined there are no non-frivolous grounds for the appeal. We find counsel's brief and petition substantially comply with the technical requirements of ***Anders*** and ***Santiago***.

Moreover, counsel provided this Court with a copy of the letter which he sent to Appellant advising him of his right to retain new counsel or to proceed *pro* se to raise any points that he deems worthy of this Court's attention. ***See Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issues counsel identified in the ***Anders*** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

As noted above, in response to the trial court's 1925(b) order, counsel filed a statement of his intent to file an ***Anders*** brief to respond to the following issues that Appellant attempted to raise in his *pro se* Rule 1925(b) statement, which states verbatim:

1. Officer Nickle violated [Appellant's] 4th Amend. Right, by illegally seizing [Appellant].

- 7 -

2. Statements made by [Appellant] to detectives was fruit from illegal seizor. Should have been supressed.

3. Any and all evidence found was fruit from illegal seizor.

4. The Court of Common Pleas of Lancaster County Pennsylvania violated [Appellant's] due process by brining [Appellant] to trial for docket 1724-2019 before 1723-2019. Probable cause for Stop was a outstanding warrant for 1723-2019.

5. Docket 1724-2019 is fruit of illegal search and seizor. Fruit from a poisonous tree.

6. Officer Nathan Nickle committed perjury when asked about his actions concerning him contacting Lancaster County prison.

7. [Appellant] was forced to trial unprepared, without subpoenas answered, brought to trial same day as his Rule 600 hearing, and pre-trial hearings for 1724-2019.

8. [Appellant's] right to a speedy trial rule 600 was violated. [Appellant's] right was disregarded, and the computation time minipulated.

9. The Court of Common Pleas and Commonwealth of Pennsylvania ignored motions filed by [Appellant] pro-se.

10. The Court of Common Pleas of Lancaster County Pennsylvania Judge Thomas B. Sponaugle refused to instruct the jury that they did not have to "all come up with a guilty or not guilty" but could have been Hung on decision. Judge put limitations of "Guilty" or Not Guilty" on the jury.

11. Court of Common Pleas of Lancaster County Pennsylvania Judge Thomas B. Sponaugle refused to give a clear answere to questions asked by the jury, which could have Changed the outcome of trial.

12. The Court of Common Pleas of Lancaster County Pennsylvania Judge sentences [Appellant] in direct contravention of the Sentencing Code and that sentence exceeded the statutory maximum as provided by law.

13. The Court of Common Pleas of Lancaster County Pennsylvania, the Commonwealth of Pennsylvania, and Daniel Bardo, esq. Maliciously manipulated [Appellant] by calling a hearing, telling [Appellant] that he could not file appellate

motions Pro Se for 1726-2019 which he represented himself pro se for. Daniel C. Bardo filed motions on [Appellant's] behalf without [Appellant's] knowledge. Received appellate orders from the Superior Court and did not advise [Appellant].

Statement of Intent to File an Anders Brief, 10/21/20, at 1-2 (quoting *Pro se Concise Statement*, 9/10/20, at 1-7) (verbatim) (reorganized for review).

In Appellant's first three claims, Appellant argues that he was illegally seized when he was placed under arrest by Detective Nathan Nickel, who was *en route* to seek approval for a prepared warrant for Appellant's arrest. Appellant also contends that all evidence obtained as a result of his arrest should be suppressed as fruit of the poisonous tree.

In reviewing the denial of Appellant's suppression motion, we are guided by the following principles:

> "When, as here, we consider the propriety of a trial court's order granting a motion to suppress, "we may consider only the evidence from the appellee's witnesses along with the Commonwealth's evidence which remains uncontroverted." ***Commonwealth v. Brown***, 606 Pa. 198, 996 A.2d 473, 476 (2010). Our standard of review is restricted to establishing whether the suppression record supports the trial court's factual findings; "however, we maintain de novo review over the suppression court's legal conclusions." ***Id***.

***Commonwealth v. Mason***, ___Pa.___, 247 A.3d 1070, 1080 (2021).

As noted above, Appellant waived his right to counsel and chose to represent himself at trial. In his *pro se* suppression motion, Appellant asserted that Detective Nickel could not arrest him without a warrant. The trial court in this case rejected Appellant's suppression challenges as it found Detective

- 9 -

Nickel was authorized to arrest Appellant without a warrant as Detective Nickel had probable cause that Appellant had previously committed a felony.

Detective Nickel testified that before Appellant's arrest on February 25, 2019, he was *en route* to obtain an arrest warrant in connection with Appellant's suspected involvement in a shooting and robbery that had occurred several days earlier on February 19, 2019. Appellant did not challenge Detective Nickel's assertion that he had probable cause that Appellant was the perpetrator of the February 19, 2019 shooting.

Our rules of criminal procedure provide that an individual may be subjected to a warrantless arrest (a) when the offense is a murder, felony, or misdemeanor committed in the presence of the police officer making the arrest; or (b) **upon probable cause when the offense is a felony or murder**; or (c) upon probable cause when the offense is a misdemeanor not committed in the presence of the police officer making the arrest, when such arrest without a warrant is specifically authorized by statute." Pa.R.Crim.P. 502 (emphasis added).

As such, as Detective Nickel was authorized to arrest Appellant without a warrant, there is no merit to Appellant's challenge to the denial of his suppression motion or his derivative claims based on the fruit of the poisonous tree. We need not review these claims further.

In his fourth claim, Appellant asserts that he was denied due process as the Commonwealth was permitted to try the instant case involving the firearms charges before he was prosecuted for the underlying shooting and

robbery which was the original basis for his arrest. It appears that Appellant raises a similar argument in his fifth claim alleging that the instant case, "Docket 1724-2019 is fruit of illegal search and seizor. Fruit from a poisonous tree." Pro se concise statement, at 1.

Appellant fails to recognize that that our courts have consistently held that "the Commonwealth retains discretion regarding the prosecution of criminal matters." *Commonwealth v. Hill*, 239 A.3d 175, 180 (Pa.Super. 2020) (quoting *See Commonwealth v. Brown*, 550 Pa. 580, 708 A.2d 81, 84 (1998) (acknowledging that "[a] District Attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to prosecute, and whether and when to continue or discontinue a case").

In his sixth claim, Appellant asserts that Detective Nickel committed perjury and suggests the jury should not have believed his testimony. To the extent that Appellant is disputing the credibility of the Commonwealth's witness, he is raising a challenge to the weight of the evidence.

However, our rules of criminal procedure require the preservation of a weight of the evidence claim in a motion for a new trial made before the trial court orally on the record before sentencing or in a written post-trial or post-sentencing motion. Pa.R.Crim.P. 607. The failure to properly preserve a weight of the evidence claim pursuant to Rule 607 will result in waiver. *Commonwealth v. Rivera*, 238 A.3d 482, 497 (Pa.Super. 2020) (citations

- 11 -

omitted). As Appellant did not preserve a weight of the evidence claim in an oral or written motion in the trial court before sentencing, this claim is waived.

In his seventh claim, Appellant argues that he was forced to go to trial unprepared on the same day that the trial court resolved his pretrial motions. However, when the trial court asked Appellant if he was "ready to proceed to trial," Appellant replied, "I would like to have a jury trial." N.T., 1/27/20, at 67-68. Appellant did not request a continuance and proceeded with the trial as scheduled by the trial court.

As a result, Appellant cannot argue for the first time on appeal that the trial court "forced" him to proceed to trial when he did not ask for additional time to prepare for a trial. Our rules of appellate procedure provide that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Accordingly, this issue is waived.

In his eighth claim, Appellant contends that the trial court erred in denying his motion pursuant to Pa.R.Crim.P. 600. Specifically, Appellant is referring to the trial court's denial of his motion for nominal bail pursuant to Rule 600(B)(1), in which he sought release from pretrial confinement after being held in jail in excess of 180 days.

However, our courts have held that a defendant's challenge to the denial of his request for release from pre-trial detention on nominal bail becomes moot once he is convicted and incarcerated. ***Commonwealth v. Samuel***, 102 A.3d 1001 (Pa.Super. 2014) (declining to discuss merits of moot challenge to the trial court's denial of appellant's request for release on nominal bail as

- 12 -

the appellant was convicted and incarcerated).  *See also Commonwealth v. Sloane*, 589 Pa. 15, 907 A.2d 460, 464-65 (2006) (finding a challenge to denial of request for relief was moot because the appellant was no longer in pretrial detention, but was serving a sentence following his conviction).  We decline to review this claim further.

In his ninth claim, Appellant asserts that the Court of Common Pleas and Commonwealth of Pennsylvania ignored motions filed by Appellant pro-se.  Due to the vague nature of this argument, we are unable to determine exactly how Appellant is claiming the trial court erred and cannot provide meaningful review of this claim, which we find waived.

In his tenth claim, Appellant argues that the trial court abused its discretion in refusing to instruct the jury that they did not have to render a verdict of guilty or not guilty but could remain a hung jury.  However, our courts have long held that "a trial judge need not charge jurors specifically that they may disagree."  *Commonwealth v. Patrick*, 416 Pa. 437, 446, 206 A.2d 295, 299 (1965) (citing *Commonwealth v. Ford*, 165 A.2d 113, 117 (Pa.Super. 1960)).  As such, this claim is frivolous.

In his eleventh claim, Appellant claims that the trial court failed to give the jury a clear answer to their questions, which Appellant alleges could have changed the outcome of trial.  However, Appellant did not object when the trial court responded to the jury's questions.  As such, this claim is waived as it cannot be raised for the first time on appeal because it was not properly preserved for appellate review before the trial court.  *See* Pa.R.A.P. 302.

In his twelfth claim, Appellant contends that trial court sentenced him in direct contravention of the Sentencing Code as his sentence exceeded the statutory maximum as provided by law. "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo.* If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated." ***Commonwealth v. Derrickson***, 242 A.3d 667, 673 (Pa.Super. 2020).

As noted above, the jury convicted Appellant of Persons Not to Possess a Firearm (first-degree felony punishable up to twenty years' incarceration) and Appellant pled guilty to Receiving Stolen Property (second-degree felony punishable up to ten years' incarceration) and Firearms Not to Be Carried Without a License (third-degree felony punishable up to seven years' incarceration). ***See*** Pa.C.S.A. § 1103(1). As such, Appellant could have been sentenced up to thirty-seven years' imprisonment for the instant crimes.

The trial court sentenced Appellant to 7½ to 15 years' imprisonment on the Persons Not to Possess charge, 3½ to 7 years' imprisonment on the Firearms Not to be Carried Without a License charge and 2½ to 7 years' incarceration on the RSP charge. As all three sentences were set to run concurrently, Appellant received a sentence of 7½ to 15 years' imprisonment. None of the sentences exceeded the statutory maximum. Appellant has not articulated any other grounds to support his claim that his sentence is illegal. We agree with counsel's assessment that this sentencing claim is frivolous.

In his final claim, Appellant asserts that trial counsel manipulated him "maliciously" by calling a hearing, filing motions on his behalf without Appellant's knowledge, failing to advise him of specific rulings, and telling Appellant that he could not file appellate motions *pro se*.

In **Commonwealth v. Grant**, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002), our Supreme Court held that claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Although the Supreme Court has since recognized exceptions to that general rule, Appellant does not attempt to argue that any of these exceptions apply and the record does not support an application of one of these exceptions. Consequently, it would be frivolous for Appellant to raise his ineffectiveness claims on direct appeal.

After examining the issues contained in the **Anders** brief, we agree with counsel's assessment that this appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195.

Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Application for Extension of Time to file **Anders** Brief *Nunc Pro Tunc* granted. Petition to withdraw as counsel granted.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2021