J-S02026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DECOREY PITTS | : | |
| | : | |
| Appellant | : | No. 751 EDA 2025 |

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-00002276-2019

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 17, 2026**

Decorey Pitts (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's court-appointed PCRA counsel, Scott D. Galloway, Esquire (Counsel), has filed an application to withdraw as counsel and a brief purportedly pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 249 (Pa. 2009).[1]  After careful

---

[1] Because Appellant appeals from the PCRA court's dismissal order, Counsel was required to file a **Turner**/**Finley** no-merit letter to accompany his petition to withdraw.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

consideration, we grant Counsel's application to withdraw and affirm the PCRA

court's order.

The trial court[2] summarized the relevant factual history:

This case arises from an ejectment action that took place on March 25, 2019[,] at … 36 N[orth] Harwood Avenue, Upper Darby Township, Delaware County, Pennsylvania[ (the residence)].[3]  In the course of executing the eviction, members of the Delaware County Sheriff's Department encountered extremely deplorable conditions, which posed serious health and safety hazards.  The main water valve [to the residence] was circumvented and there was no electricity.  A series of large vehicle-type batteries in the residence, along with a gas generator in the garage, were used for power, while a propane tank in the residence was used for heat and cooking.  Extension cords were run throughout the house. [The] Upper Darby Township Police Department was contacted and responded to the residence.

Present on the premises at the time of the eviction was [Appellant], [] his wife, Sharon Gale[ (Ms. Gale), and their three minor children].

During the eviction process, a "loaded" and "ready to fire" firearm was located in the closet of Appellant's bedroom.  N.T., 1/8/20, at 61-62.

As a result, Appellant was charged with several violations of the Crimes Code, including … risking a catastrophe (felony 3), … recklessly endangering another person (misdemeanor 2), …

_____

[2] The Honorable Richard M. Capelli presided over all proceedings relevant to this appeal.

[3] The residence is situated closely to other dwellings on North Harwood Avenue.

persons not to possess firearm[s] (felony 2)[, and endangering the welfare of children (felony 3)].[4, 5]

Trial Court Opinion, 5/11/21, at 1-2 (one original footnote moved to body; three footnotes added; punctuation, capitalization, and citation modified).[6]

Pertinently, on June 20 and July 31, 2019, Appellant, *pro se*,[7] filed two substantially similar motions to suppress physical evidence alleging the illegal search and seizure of evidence in the residence. The matter proceeded to a suppression hearing on September 11, 2019. The Commonwealth presented the testimony of Delaware County Sheriff's Lieutenant Steven Mitchell

_____

[4] 18 Pa.C.S.A. §§ 3302(b), 2705, 6105(a)(1), and 4304.

[5] At trial, the Commonwealth introduced evidence that Appellant had previously been convicted of offenses rendering him ineligible to possess firearms. N.T., 1/9/20, at 12-13.

[6] At CP-23-CR-0002275-2019, the Commonwealth charged Ms. Gale with substantially similar offenses. On March 16, 2021, Ms. Gale entered no contest pleas to one count each of risking a catastrophe and endangering the welfare of children. That same date, the trial court sentenced Ms. Gale to an aggregate 11½ to 23 months' incarceration, followed by three years' probation.

[7] The PCRA court explained that Appellant

persisted on proceeding [*pro se*, despite] the [c]ourt's many attempts to offer counsel at all stages of this case. A [hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998),] was held on October 28, 2019. [Appellant] was found competent to represent himself; however, stand-by counsel was appointed throughout.

Trial Court Opinion, 5/11/21, at 2 n.2 (punctuation modified).

(Lieutenant Mitchell). Appellant presented the testimony of Adrian Moore (Ms. Moore).

At the commencement of the suppression hearing, Appellant clarified the basis for his suppression motions. Specifically, Appellant argued that law enforcement responding to an emergency "are no longer permitted to remain in one's house" "once the emergency ends," "absent a warrant or ex[i]gent circumstance[s] …." N.T., 9/11/19, at 3. Appellant further contended that there were no exigent circumstances justifying law enforcement's initial entry to the residence. *Id.* at 3-4.

Lieutenant Mitchell testified that one of his responsibilities as a lieutenant with the Delaware County Sheriff's Department was service of civil process and eviction notices. *Id.* at 5. The Commonwealth introduced as evidence, through Lieutenant Mitchell, the sheriff's service warrant (identifying Real Estate Growth Fund, LLC, as the owner of the residence) and writ of possession for the residence. *Id.* at 18; *see also Johnson v. Martofel*, 797 A.2d 943, 947 (Pa. Super. 2002) ("A writ of possession is simply the legal means for executing on a judgment of possession.").[8]

_____

[8] Although admitted into evidence at the suppression hearing, the writ of possession is not included in the certified record. Appellant objected to the admission of the writ of possession, based upon allegedly improper service, but did not contest its authenticity. *See* N.T., 9/11/2019, at 6; *see also* PCRA Petition, 7/2/23, Attachment 1 (Appellant acknowledging its issuance, but arguing that "Judge [Kathrynann] Du[r]ham of Delaware County Court merely acted as a 'rubber stamp' and gave [Real Estate Growth Fund, LLC,] a writ of possession ….").

- 4 -

Lieutenant Mitchell testified that he, along with several sheriff's deputies, arrived at the residence to execute Appellant's eviction on March 25, 2019. *Id.* at 8. Also present on that date were members of the Upper Darby Township Police and Fire Departments, and "movers" who were "instructed … to pack everything up, label it, and move it out, put it on their trucks and take it to storage." *Id.* at 8-9; *see also id.* at 9 (Lieutenant Mitchell testifying that movers carrying out these tasks is "standard procedure" in evictions, and that the movers performed their typical function in the instant case).[9]

Lieutenant Mitchell testified that members of the Upper Darby Township Police SWAT team made forcible entry after no one answered the door at the residence. *Id.* at 12-13.[10] Lieutenant Mitchell testified that indicia of

_____

[9] At the suppression hearing, Lieutenant Mitchell did not testify as to when members of the Upper Darby Township Police and Fire Departments, or movers arrived at the residence.

[10] At the suppression hearing, Lieutenant Mitchell did not explain why the Upper Darby Township Police Department's SWAT team was present for Appellant's eviction. At trial, however, Chief Deputy Sheriff Michael Donohue (Chief Donohue) testified that, on January 25, 2019, Appellant and Ms. Gale went to the Sheriff's Department and advised him that deputies "had no authority to evict them from" the residence. N.T., 1/8/20, at 77. Chief Donohue testified that he and members of his staff assisted Appellant and Ms. Gale in filing a petition for stay of eviction, which, Chief Donohue later learned, was denied by the trial court. *Id.* at 78-79. Chief Donohue explained that, over the weekend prior to the originally scheduled eviction date, he "received intelligence that [Appellant and Ms. Gale] had actually assembled a large number of people to [thwart] the eviction." *Id.* at 79. Based on safety concerns, Chief Donohue explained, the Sheriff's Department postponed the eviction, and engaged law enforcement to assist in executing the eviction on March 25, 2019. *Id.* at 80-81.

Appellant's unsafe power supply system, and a shotgun, were subsequently discovered during an inventory of Appellant and his family's personal property. *Id.* at 33; *see also id.* at 34 (Lieutenant Mitchell testifying that "[e]verything that comes out of the bedroom, everything that comes out of the kitchen is marked. There's an inventory sheet that the movers do of where stuff was.").

Ms. Moore did not explain her relationship to Appellant or Ms. Gale, but testified that she had frequented the residence numerous times over the past five years. *Id.* at 22. Ms. Moore testified that she never observed a "sign of sale posted in the yard" of the residence. *Id.* Ms. Moore further testified that she obtained a copy of Appellant's eviction notice, which, she claimed, bore the signature of "a clerk and not a [j]udge." *Id.* at 23.

On January 7, 2020, the trial court denied Appellant's suppression motions.[11] On the record immediately prior to trial, the trial court briefly set forth its reasons for denying Appellant's suppression motion, indicating the Sheriff's Department seized Appellant's personal property during a lawful eviction. N.T., 1/7/20, at 7. The trial court credited Lieutenant Mitchell's testimony that the movers took items "they found to be questionable, [] and [the movers] determined that they had to turn [those items] over to the

---

[11] The trial court's order mistakenly indicated that Appellant's suppression hearing occurred on November 12, 2019.

police….” ***Id.*** at 8; ***see also id.*** at 11 (the trial court finding that the movers "removed the personal property from [the residence.]").

The matter proceeded to a bifurcated jury trial[12] on January 7-9, 2020, at the conclusion of which the jury convicted Appellant of the above-described charges. On August 25, 2020, the trial court sentenced Appellant to five to ten years in prison, followed by two years of probation.

On August 26, 2020, Appellant, *pro se*, filed a timely post-sentence motion for reconsideration of sentence. On September 15, 2020, the trial court appointed Mary Elizabeth Welch, Esquire (Attorney Welch), to represent Appellant.[13] On November 29, 2020, Attorney Welch untimely filed an amended post-sentence motion. On December 11, 2020, the trial court

_____

[12] In the first portion of Appellant's jury trial, the Commonwealth presented evidence relating to Appellant's non-firearms offenses. After the jury returned a verdict on those offenses, the Commonwealth presented the same jury with evidence concerning Appellant's ineligibility to possess a firearm. ***See*** N.T., 1/8/20, at 66 (the trial court explaining the parties employed this procedure so as not to prejudice the jury against Appellant).

[13] On January 9, 2020, immediately following the jury trial, the trial court appointed Robert Schwartz, Esquire (Attorney Schwartz), who had previously served as Appellant's standby counsel, to represent Appellant on direct appeal. The record does not contain an order removing Attorney Schwartz as Appellant's counsel. However, in its December 11, 2020, order, the trial court explained that, on September 9, 2020, Attorney Schwartz "advised the [trial] court … [of] his imminent move to South Carolina[, and] inquired about his appointment" as Appellant's counsel. Order, 12/11/20, at 1 n.1. The trial court thereafter, on September 15, 2020, appointed Attorney Welch to represent Appellant.

denied both post-sentence motions without a hearing.  Appellant timely filed a counseled notice of appeal.

On direct appeal, Attorney Welch argued that the Commonwealth's evidence was insufficient to support his conviction for persons not to possess firearms, and challenged the verdict for that charge as against the weight of the evidence.  After filing Appellant's appellate brief, Attorney Welch petitioned to withdraw as Appellant's counsel.  The trial court granted Attorney Welch's petition, and appointed Patrick Scanlon, Esquire (Attorney Scanlon), to represent Appellant.

On January 26, 2022, this Court affirmed Appellant's judgment of sentence.  *See Commonwealth v. Pitts*, 272 A.3d 501, 73 EDA 2021 (Pa. Super. 2022) (unpublished memorandum).  Our Supreme Court denied allowance of appeal on July 25, 2022.  *See Commonwealth v. Pitts*, 282 A.3d 1122 (Pa. 2022).

On July 3, 2023, Appellant, *pro se*, filed the instant timely PCRA petition, his first.  The PCRA court appointed Counsel to represent Appellant, and permitted Counsel to file an amended PCRA petition or no-merit letter by September 1, 2023.  The PCRA court granted Counsel several extensions of time, after which Counsel timely filed an amended PCRA petition on June 28, 2024.  Therein, Counsel alleged Attorney Welch rendered ineffective assistance by failing to challenge, on direct appeal, the denial of Appellant's (1) suppression motion, and (2) request for nominal bail pursuant to

Pa.R.Crim.P. 600 (speedy trial rule). On October 17, 2024, the Commonwealth filed a motion to dismiss Appellant's amended PCRA petition.

On January 15, 2025, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. On February 12, 2025, the PCRA court formally dismissed Appellant's PCRA petition. Appellant timely filed a notice of appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925. On September 15, 2025, Counsel filed in this Court an application to withdraw as Appellant's counsel, and a purported ***Anders*** brief.

Prior to addressing the instant appeal, we must consider whether Counsel has satisfied the requirements of ***Turner/Finley*** in seeking to withdraw as Appellant's counsel. ***See Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a brief pursuant to ***Turner/Finley***, we first determine whether the brief meets the procedural requirements of ***Turner/Finley***."). The ***Knecht*** Court explained:

> A ***Turner/Finley*** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

***Id.*** at 691 (citations omitted).

Here, the record confirms that Counsel served Appellant with a copy of his application to withdraw and *Anders* brief—which, as we noted above, provides greater protection than a *Turner*/*Finley* no-merit letter. *See Widgins*, 29 A.3d at 817 n.2. In his application to withdraw, Counsel stated that he "made a thorough review of Appellant's case." Application to Withdraw, 9/15/25, ¶ 2. Counsel indicated that, after his review, he "found a complete lack of issues that might be raised on appeal[,] and [] believes this appeal to be wholly frivolous." *Id.* ¶ 3.

Counsel additionally filed an *Anders* brief, in which he identified the sole issue Appellant wished to raise, and briefly explained why this issue lacks merit. *See Anders* Brief at 10, 12-13; *see also id.* at 12-13 (Counsel observing that "[a]ppellate counsel is entitled to forego potentially meritorious claims on appeal in favor of issues [s]he deems pose a greater likelihood of success." (citation omitted)). Counsel also provided to this Court a copy of the letter he sent to Appellant, advising Appellant of Counsel's intent to withdraw, and explaining Appellant's right to raise additional claims by proceeding *pro se* or by retaining private counsel.[14] Application to Withdraw, 9/15/25, Exhibit A. Therefore, we conclude that Counsel has substantially complied with the procedural requirements of *Turner*/*Finley*. *See*

_____

[14] Appellant did not file a counseled or *pro se* appellate brief in response to Counsel's application to withdraw or *Anders* brief.

***Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (concluding that substantial compliance with the requirements to withdraw as counsel will satisfy the ***Turner***/***Finley*** criteria). Accordingly, we proceed to independently review Appellant's claim.

Counsel identifies the following issue for our review:

> I. Was the [PCRA] court [] in error for dismissing [Appellant's PCRA] petition …[,] wherein it raised ineffectiveness of [Attorney Welch] for failing to include in her [Pa.R.A.P.] 1925(b) [concise] statement the [trial] court's denial of the pretrial omnibus motion …?

***Anders*** Brief at 5 (capitalization modified).[15]

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Hand***, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the

_____

[15] Counsel did not address in his ***Anders*** brief Appellant's claim that Attorney Welch rendered ineffective assistance by failing to raise on direct appeal the trial court's denial of his request for nominal bail pursuant to Pa.R.Crim.P. 600. ***See*** Pa.R.Crim.P. 600(B)(1) (providing that "no defendant shall be held in pretrial incarceration in excess of … 180 days from the date on which the complaint is filed"). We observe, however, that such a claim on direct appeal, following his conviction, would have been moot because Appellant was serving a sentence and no longer entitled to pretrial bail. ***See Commonwealth v. Sloan***, 907 A.2d 460, 464 (Pa. 2006) (finding claim relating to imposition of bail conditions following release pursuant to Rule 600 mooted by appellant's convictions, but deciding issue because it was "of a recurring nature yet capable of repeatedly evading review, and involve[d] issues of important public interest."). Consequently, any claim concerning this issue on direct appeal would have entitled Appellant to no relief. ***See id.***

certified record." ***Commonwealth v. Gibson***, 318 A.3d 927, 933 (Pa. Super. 2024) (citation omitted). Moreover, a petitioner is not entitled to a PCRA hearing as a matter of right. ***Commonwealth v. Williams***, 244 A.3d 1281, 1287 (Pa. Super. 2021). Rather, a PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact; the petitioner is not entitled to relief; and no purpose would be served by any further proceedings. ***Id.***

Here, Appellant contends the evidence obtained from his residence was the result of an illegal search and seizure. ***Anders*** Brief at 5. As stated by Counsel, Appellant maintains that he retained "an expectation of privacy" in the residence, notwithstanding the Sheriff's Department's execution of Appellant's eviction pursuant to the writ of possession granted to Real Estate Growth Fund, LLC. ***Id.*** at 10. According to Appellant, law enforcement's entry into the residence constituted an illegal search. ***Id.*** As a result, Appellant claims Attorney Welch rendered ineffective assistance by failing to preserve and argue this issue on appeal. ***Id.*** at 5.

The Commonwealth counters that Appellant's claim lacks arguable merit. Commonwealth Brief at 9. The Commonwealth maintains that

> [t]he firearm in question[16] was discovered by a private citizen, a moving company employee, who located the weapon while lawfully packing Appellant's belongings during a lawful eviction and voluntarily turned it over to the sheriff. Because this

---

[16] The Commonwealth does not address any other evidence recovered from the residence.

discovery was made by a private actor, not the government, the Fourth Amendment and Article I, Section 8 of the Pennsylvania Constitution do not apply. *Commonwealth v. Corley*, 491 A.2d 829, 831 (Pa. 1985) (exclusionary rule applies only to state action). The sheriff's later [procurement] of the firearm did not transform the private discovery into a governmental search. Moreover, [] Appellant has not established—either at the suppression hearing or in his current brief, which cites no applicable case law to support his position—that he had a reasonable expectation of privacy in a house he was lawfully evicted from. The denial of suppression was therefore correct.

*Id.* at 9-10 (footnote added).

As our Supreme Court has explained,

[i]t is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the *Pierce* elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

With respect to ineffective assistance of appellate counsel, "the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." *Commonwealth v. Blakeney*, 108 A.3d 739, 750

(Pa. 2014); *see also Commonwealth v. Jones*, 210 A.3d 1014, 1019 (Pa. 2019) ("The likelihood of a different result **must be substantial, not just conceivable**." (emphasis added; citation omitted)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted).

Significantly, "[o]ur rules of criminal procedure require that a motion to suppress 'state specifically and with particularity … the grounds for suppression[] and the facts and events in support thereof.'" *Commonwealth v. Hill*, 348 A.3d 264, 286 (Pa. Super. 2025) (quoting Pa.R.Crim.P. 581(D)). "[F]ailure to comply with the specificity requirement of Rule 581(D) will result in waiver, as those requirements have been held to be mandatory." *Commonwealth v. Carmenates*, 266 A.3d 1117, 1126 (Pa. Super. 2021) (citation omitted). "[**A**]**ppellate review of an order denying suppression is limited to examination of the** <u>precise basis</u> **under which suppression initially was sought; no new theories of relief may be considered on appeal**." *Commonwealth v. Freeman*, 128 A.3d 1231, 1241 (Pa. Super. 2015) (citation omitted; emphasis added).

Importantly, our Supreme Court has observed that, "in exercising one's right to self-representation, a defendant relinquishes many benefits, including the future right to alleged ineffectiveness of counsel[,]" based upon decisions made in the course of the defendant's self-representation. *Commonwealth*

- 14 -

***v. Williams***, 196 A.3d 1021, 1029 (Pa. 2018) (brackets, ellipses, and citation omitted). Relatedly, we observe that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Westlake***, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted).

Instantly, in his June 20, 2019, suppression motion, Appellant generically advanced as his basis for suppression the "illegal search and seizure" of evidence. Suppression Motion, 6/20/19, ¶ 3. In his July 31, 2019, suppression motion, without elaboration, Appellant asserted a violation of Article I, Section 8 of the Pennsylvania Constitution. Suppression Motion, 7/31/19, ¶ 3. As noted above, immediately prior to the suppression hearing, Appellant clarified that he was challenging law enforcement's entry into his residence as unlawful based upon the lack of exigent circumstances. N.T., 9/11/19, at 3-4.

Here, the record contains no indication that items of evidence were initially seized by the Upper Darby Township Police Department. Indeed, the trial court made a specific finding, supported by the record, that private citizens, *i.e.*, the professional movers, recovered Appellant's property from the

residence. *See* N.T., 1/7/20, at 8, 11; *see also Smith*, 164 A.3d at 1257 ("Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings …." (brackets omitted)); *Commonwealth v. Harris*, 817 A.2d 103, 1047 (Pa. 2004) ("The proscriptions of the Fourth Amendment [of the United States Constitution] and Article I, § 8[ of the Pennsylvania Constitution], do not apply to searches and seizures conducted by private individuals." (citation omitted)). Consequently, Upper Darby Township Police Department's entry into the residence had no bearing on the seizure of evidence, as that evidence was obtained by private citizens assisting in the execution of Appellant's eviction. Because the evidence was not obtained as a result of unlawful police action, Appellant's underlying claim lacks merit. Attorney Welch cannot be deemed ineffective for not raising a fruitless or waived claim on direct appeal. *See Taylor*, 933 A.2d at 1042.

Moreover, Appellant waived any challenge to the lawfulness of his eviction, or the seizure of evidence by the movers, by failing to present any such challenge in his suppression motions or at the time of the suppression hearing. *See Freeman*, 128 A.3d at 1241. Appellant cannot assert his own ineffectiveness for failing to preserve additional suppression claims. *See Williams*, 196 A.3d at 1029.

Finally, our independent review discloses no non-frivolous issues Appellant could raise. Accordingly, we grant Counsel's application to withdraw as counsel and affirm the PCRA court's order dismissing Appellant's petition.

Application to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/17/2026